### UNITED STATES of America

v.

### The PREMISES KNOWN AS 25 COLIGNI AVENUE, NEW ROCHELLE, NEW YORK.

**Magistrates No. 88–402.**

United States District Court, S.D. New York.

May 3, 1988.

· Eric A. Seiff, Roger J. Bernstein, Scoppetta & Seiff, New York City, for petitioners.

James J. McGuire, Asst. U.S. Atty., New York City, for respondent.

## MEMORANDUM AND ORDER

JAMES C. FRANCIS IV, United States Magistrate.

The petitioners in this case are Martin Singer, Gary Singer, Brad Singer, George

Kleinman, Joseph Brandes, Bernard Caress, Mars Associates, Inc., Normel Construction Corp., Mars–Normel (a joint venture), Jetmar Construction Corp., and Daric Corp. They move pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure for return of property seized by law enforcement officials.[1] In connection with that motion, the petitioners seek an evidentiary hearing and disclosure of both the government's search warrant applications and supplementary affidavits filed by the government in opposition to the petitioner's motion. The government responds that the petitioner's motion is premature. It also opposes the unsealing of the search warrant applications and supplementary affidavits and asks that they be considered *in camera.* For the reasons set forth below, I find that the petitioner's motion is timely. Further, although the *in camera* procedure requested by the government is not appropriate, I decline to unseal the warrant applications or supplementary affidavits previously submitted. Rather, the government shall have the opportunity to present at an open hearing any evidence germane to its contentions.

*Background*

On March 10, 1988, I issued a warrant for the search of 25 Coligni Avenue, New Rochelle, New York. The search warrant authorized the seizure of all records of the petitioners "in regard to the activities of Mars–Normel, a joint venture, Jetmar Construction Corp., and Daric Corporation connected with LaGuardia High School, New York, New York." Law enforcement officers executed the warrant the next day. While on the premises, they also discovered jewelry that they believed was subject to seizure. Accordingly, the Assistant United States Attorney made an oral application to amend the warrant pursuant to Rule 41(c)(2) of the Federal Rules of Criminal Procedure. I granted that application, and the jewelry was seized.

The petitioners now challenge three aspects of the search and seizure. First, they contend that law enforcement personnel seized some files that contained privileged attorney-client communications. A procedure for adjudicating that dispute has been established, and no determination of this issue is necessary at this time.

Second, the petitioners assert that many of the documents seized were not within the scope of the warrant because they were not "connected with LaGuardia High School." Rather, they concerned petitioners' construction work on a variety of other schools (the "other schools documents"). The government responds that the other schools documents were covered by the warrant, that they were subject to seizure under the "plain view" doctrine, and that they would have been inevitably discovered in any event.

Finally, the petitioners claim that the amendment to the search warrant permitting seizure of the jewelry was improperly obtained. They assert that the law enforcement officials initially located the jewelry through an illegally intrusive search and thus could not rely on its discovery to seek an amendment to the search warrant. The government denies that the jewelry was discovered through an improper search and further contends that, as contraband, it need not be returned.

The petitioners filed their motion promptly after the search was conducted.[2] If successful, they will be entitled both to

---

1. Rule 41(e) reads as follows:
 A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. If a motion for return of property is made or comes on

for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

2. The motion was originally brought before the district court judge who was hearing miscellaneous matters at that time. The judge referred the motion to the magistrate then on criminal duty. Eventually, it was agreed that I would hear the motion because of my prior familiarity with the case.

return of the property and to suppression of its use as evidence in any criminal prosecution. Although the government has identified one of the petitioners as a target of an ongoing grand jury proceeding, no indictment has yet been issued.

At the government's request, both the initial application for a search warrant and the transcript of the oral application for an amendment to the warrant have been sealed. In addition, the government has submitted three sealed supplementary affidavits in opposition to the petitioners' motion. The government asks that these documents be considered *in camera,* while the petitioners request that they be unsealed for purposes of an evidentiary hearing.

*Discussion*

### A. *Ripeness*

As a threshold matter, the government objects to any consideration of the petitioner's motion on the grounds that it is premature. According to the government, a motion pursuant to Rule 41(e) may be litigated only after an indictment has been returned.

■ There are, indeed, some limitations on pre-indictment motions for the return of property. For example, it is well-established that the disposition of such a motion is not generally subject to interlocutory appeal. *DiBella v. United States,* 369 U.S. 121, 131–32, 82 S.Ct. 654, 660, 79 L.Ed.2d 614 (1962); *Standard Drywall, Inc. v. United States,* 668 F.2d 156, 158–59 (2d Cir.), *cert. denied,* 456 U.S. 927, 102 S.Ct. 1973, 72 L.Ed.2d 442 (1982).[3] In addition, under some circumstances, prudential considerations may militate in favor of deferring decision on a Rule 41(e) motion until after an indictment has issued. *See In re Sentinel Government Securities,* 530 F.Supp. 793, 794–96 (S.D.N.Y.1982); *In re Grand Jury Proceedings Involving Berkeley & Co.,* 466 F.Supp. 863, 866–67 (D.Minn.1979).

In *Roberts v. United States,* 656 F.Supp. 929, 931–33 (S.D.N.Y.1987), on the other hand, the court held that Rule 41(e) does not permit deferral of a pre-indictment motion. Rather, "Rule 41(e) plainly provides for pre-indictment adjudication of the legality of a seizure, and, whether or not this is sound policy of judicial administration, it is not the court's place to 'ignor[e] what the Rule provides in plain language.'" *Id.* at 933 (quoting *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 2385, 91 L.Ed.2d 18 (1986)). The court reasoned that· such strict construction was particularly apt with respect to rules of criminal procedure. *Id.* at 932.

I am not prepared to hold that there are no circumstances under which determination of a Rule 41(e) motion may be deferred. First, the plain language of the Rule does not appear to mandate immediate consideration. Second, there may be cases where the government is able to demonstrate a compelling reason to delay decision.

■ But the burden for justifying deferral should be placed on the government. First, Rule 41(e) clearly authorizes a prompt disposition even if it does not require one. Hence, in both *DiBello* and *Standard Drywall,* the courts plainly assumed that the pre-indictment determination of the Rule 41(e) motion by the trial court was appropriate, even while holding that there could be no appeal of that decision. Second, a Rule 41(e) motion places in issue the individual's constitutional right to be free from unreasonable search and seizure. Where such a right is at stake, a presumption in favor of prompt disposition is warranted.

Accordingly, the decisions that require the movant to demonstrate irreparable harm before considering a pre-indictment Rule 41(e) motion have erected an unjustified barrier. *But see In re Sentinel Government Securities,* 530 F.Supp. at 746; *In re Grand Jury Proceedings Involving Berkley & Co.,* 466 F.Supp. at 866. Certainly, Rule 41(e) says nothing about irreparable harm. *See Roberts v. United States,* 656 F.Supp. at 932. Nor should the

---

**3.** A movant whose property was seized but who was not connected with any investigation would be entitled to a prompt appeal of the disposition of his Rule 41(e) motion. *Standard Drywall, Inc. v. United States,* 668 F.2d at 159.

litigant be required to justify the need to vindicate constitutional rights. Finally, the potential for disruption of a grand jury investigation posed by a pre-indictment motion under Rule 41(e) is highly speculative. Since the exclusionary rule does not extend to grand jury proceedings, *United States v. Calandra*, 414 U.S. 338, 349–52, 94 S.Ct. 613, 620–22, 38 L.Ed.2d 561 (1974), the grand jury is free to subpoena and consider seized material even after a moving party may have prevailed on a Rule 41(e) motion.

■ The burden, then, must be on the government to justify deferral of a Rule 41(e) motion, and here the government has not met that burden. Its claim that consideration of the motion will interfere with the grand jury investigation is entirely conclusory. Likewise, in arguing that piecemeal litigation will result, the government proves too much: the issue raised by a Rule 41(e) motion must be considered prior to trial, whether or not it is dealt with prior to indictment. Thus, the petitioners' motion is ripe for adjudication.

### B. *Factual Disputes*

Rule 41(e) provides in part that "[t]he judge shall receive evidence on any issue of fact necessary to the decision of the motion." . When such motions are made at the pre-indictment stage they are generally litigated through affidavits, *see Roberts v. United States*, 656 F.Supp. at 932, but the sharp factual disputes in this case necessitate an evidentiary hearing. To assist counsel in preparing for such a hearing, it will be useful to outline the critical areas of disagreement.

#### 1. *Other Schools Documents*

■ The petitioners have made a *prima facie* showing that the seizure of the other schools documents was beyond the scope of the search warrant. That warrant authorized seizure of records regarding the activities of three of the petitioners "connected with LaGuardia High School." To read that language as permitting law enforcement personnel to seize any papers that they believe to be related to some broader scheme would transform the particularized warrant here into an impermissibly general

one. *See Andresen v. Maryland*, 427 U.S. 463, 479–80, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627 (1976). It would provide the officer executing the warrant with discretion far broader than that permitted by the fourth amendment. *See id.* 427 U.S. at 480, 96 S.Ct. at 2748; *Stanford v. Texas*, 379 U.S. 476, 485, 85 S.Ct. 506, 511, 13 L.Ed.2d 431 (1965).

■ The government, however, argues in the alternative that the other schools documents could be seized under the "plain view" doctrine. To prevail on this contention, the government must demonstrate (1) that the initial police intrusion was lawful, (2) that the evidence was discovered inadvertently, and (3) that the evidentiary value of the items seized must have been immediately apparent. *United States v. Escobar*, 805 F.2d 68, 72 (2d Cir.1986); *United States v. Bonfiglio*, 713 F.2d 932, 936 (2d Cir.1983). While the first criterion is met by the issuance of the original search warrant, the second and third factors raise significant factual issues. For example, the government must demonstrate that there is probable cause to believe that the other schools documents are evidence of some crime. Such a showing would also be necessary for the government to sustain its contention that the inevitable discovery doctrine supports the seizure: the other schools documents would have been subject to a subsequent warrant only if they were linked to some criminal activity. *See United States v. Whitehorn*, 829 F.2d 1225, 1230–32 (2d Cir.1987).

#### 2. *Jewelry*

With respect to the jewelry, the petitioners contend that its seizure was unlawful because the amended warrant was based on an impermissibly intrusive search. Specifically, they argue that the jewelry was contained in small boxes which could not have concealed items identified in the original warrant and therefore should not have been searched. The scope of the search that located the jewelry raises factual issues that require testimony from the participants.

However, the government now argues that some of the jewelry had previously been reported stolen and is therefore contraband. As such, it could not be returned to the petitioners. *See Roberts v. United States*, 656 F.Supp. at 933. This argument, too, raises factual questions. First, apparently not all the jewelry seized is alleged to be contraband. Second, the government must establish the identity of the seized jewelry as that previously reported stolen.

### C. *Procedure for Receiving Evidence*

 Certain general principles guide the determination of whether to consider evidence in this case *in camera*. First, *in camera* proceedings should be used sparingly because they necessarily deprive one party of the opportunity to confront the evidence or even to articulate intelligent legal arguments. *See United States v. Arroyo–Angulo*, 580 F.2d 1137, 1144–45 (2d Cir.), *cert. denied*, 439 U.S. 913, 99 S.Ct. 285, 58 L.Ed.2d 260, *cert. denied*, 439 U.S. 1005, 99 S.Ct. 618, 58 L.Ed.2d 618, *cert. denied*, 439 U.S. 1131, 99 S.Ct. 1052, 59 L.Ed.2d 93 (1978). Second, this general presumption against secrecy is tempered by the need to maintain confidentiality of grand jury proceedings. Thus, Rule 6(e) of the Federal Rules of Criminal Procedure prohibits disclosure of "matters occuring before the grand jury." On the other hand, information obtained in an independent investigation is not covered by the veil of secrecy provided by Rule 6(e) merely because that information may also be presented to a grand jury. *See In re Grand Jury Matter (Catania)*, 682 F.2d 61, 63 (3d Cir.1982); *United States v. Stanford*, 589 F.2d 285, 291 (7th Cir.1978), *cert. denied*, 440 U.S. 983, 99 S.Ct. 1794, 60 L.Ed.2d 244 (1979); *In re Search Warrant for Second Floor Bedroom*, 489 F.Supp. 207, 211 (D.R.I.1980).

 These principles dictate that the evidence that the government wishes to be considered in connection with this motion be disclosed to the petitioners. It is true that not only grand jury minutes, but also such related information as the names of grand jury witnesses and the identity of documents presented to the grand jury are subject to the secrecy provisions of Rule 6(e). *See In re Grand Jury Matter (Catania)*, 682 F.d at 63 ("Both the direct and indirect disclosures of [grand jury] information are proscribed."); *United States v. Stanford*, 589 F.2d at 285, 291 n. 6; *United States v. Armco Steel Corp.*, 458 F.Supp. 784, 790 (W.D.Mo.1978). But here the government is not being asked to reveal anything about the workings of the grand jury. Rather, it is simply being required to carry its burden of demonstrating, for example, that there is probable cause to believe that the other schools documents are evidence of a crime. The sources of information supporting such a proposition may or may not be grand jury witnesses; documents relied upon may or may not be presented to the grand jury. But none of the evidence disclosed in the Rule 41(e) hearing need reveal anything about the workings of the grand jury itself. Accordingly, Rule 6(e) does not require that evidence be received *in camera*.[4]

Nevertheless, the government argues that even if the information that would be disclosed at a hearing is not grand jury material, it should be reviewed only *in camera* so that the grand jury investigation is not jeopardized. The court's opinion in *In re Search Warrant for Second Floor Bedroom*, 489 F.Supp. at 212, utilized such an analysis. However, as in that case, the government's fears here are purely speculative. *See id.* No facts have been proferred that would support the government's suspicion that potential grand jury witnesses would alter their testimony if their identities were revealed. Moreover, because the government can limit its presentation to the minimum amount of evidence necessary to carry its burden, it may be able to avoid disclosing the information it considers most sensitive. Thus, the government has not provided adequate justification for *in camera* proceedings.

By the same token, the supplementary affidavits already filed by the government

---

**4.** Because the petitioners are not seeking disclosure of grand jury information, Rule 6(e) does not require that they demonstrate compelling need for the information sought.

need not be unsealed. Since they will not be considered in connection with the Rule 41(e) motion, the petitioners have no claim for access to them. Furthermore, these documents were submitted by the government with the expectation that they would be kept confidential and they arguably contain grand jury material to which Rule 6(e) would apply.

These same factors militate against unsealing the applications for both the original search warrant and the amendment. In addition, the petitioners have not yet challenged the basis for the warrant.[5] If and when they should mount such a challenge, the application for the warrant can presumably be unsealed in connection with a suppression motion.

*Conclusion*

For the reasons set forth above, the petitioner's motion is timely, and an evidentiary hearing shall be held with respect to the disputed issues. In connection with that hearing, I shall not review *in camera* the supplementary affidavits filed by the government. However, those affidavits, together with the applications for the search warrant and the amendment to the warrant shall remain sealed.

SO ORDERED.

---

**5.** They have, of course, argued that the amendment to the warrant was obtained on the basis of an illegal search. However, this contention can be evaluated on the basis of testimony about that search and without regard to the application itself.