**Roland J. DERBIGNY and Derbigny and Associates, Inc., Appellants,**

v.

**BANK ONE, Successor by Acquisition to MBank Westchase, N.A., Appellee.**

No. A14–90–0397–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 25, 1991.

Carnegie H. Mims, Houston, for appellants.

Candice E. Sayre, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

CANNON, Justice.

This appeal arises from a suit on three promissory notes. In three points of error, appellants contend the trial court erred: (1) in rendering a judgment on the pleadings without a trial on the merits; (2) in denying appellants' leave to amend their answer and file a counterclaim; (3) in appointing a receiver without an evidentiary hearing. We reverse and remand.

In November 1985, appellants Roland J. Derbigny and Derbigny and Associates, Inc. executed two promissory notes to ap-

pellee MBank Westchase, N.A. (hereinafter "the Bank").[1] In June 1986, appellants executed a third promissory note. Appellants also executed a security agreement pledging all accounts receivables and a certificate of deposit as security for the three notes. In addition, Roland Derbigny executed a continuing personal guaranty for all corporate debt.

On September 12, 1986, the Bank filed suit against appellants, alleging default and seeking collection under the terms and conditions of the notes. Appellants filed a general denial. In October 1986, the Bank sent letters to appellants' pledged accounts notifying them of appellants' default and advising them to forward all future payments to the Bank. The letters were co-signed by appellants' counsel. Under the terms of this "workout agreement," the Bank collected on two of the three notes. On March 27, 1987, the Bank filed a first amended petition, alleging default under the "workout agreement" and seeking collection on one of the notes.

On April 3, 1987, Derbigny and Associates, Inc. filed for bankruptcy protection under Chapter 11. On June 4, 1987, the Bank moved for summary judgment against appellants. On July 1, 1987, after severing its causes of action against appellants, the Bank filed an amended motion for summary judgment against Derbigny. On July 6, 1987, Derbigny filed for bankruptcy protection under Chapter 7. The trial court did not rule on the Bank's motion or amended motion for summary judgment.

On December 12, 1988, the bankruptcy court entered a default judgment against Derbigny, ruling that his debt to the Bank was non-dischargeable to the extent of $86,134.47 plus interest. On March 1, 1989, the bankruptcy court lifted the automatic stay as to Derbigny, allowing the Bank to proceed in state court. On March 31, 1989, the Bank filed a second amended motion for summary judgment against Der-

1. Since the filing of this suit, MBank Westchase's holding company filed for bankruptcy protection and the F.D.I.C. declared MBank Westchase insolvent. As a result, Bank One continued this suit as the successor by acquisition to Bank Westchase.

bigny. Derbigny's response to that motion was not timely filed. The docket sheet shows that the trial court denied the Bank's motion for summary judgment on June 21, 1989. In October 1989, the bankruptcy court lifted the automatic stay as to Derbigny and Associates Inc., and the trial court entered a docket control order setting this cause for trial on February 19, 1990. In December 1989, the Bank moved to consolidate its causes of action against appellants and sought to modify the docket control order. The deadline for discovery was moved back to January 31st but the February 2nd deadline for amendment to pleadings and the February 19th trial date remained unchanged.

On January 22, 1990, the Bank filed a motion for partial summary judgment against Derbigny. The court did not rule on that motion. On February 12, 1990, appellants filed an unsworn response to that motion as well as a motion for leave to file a first amended answer and a counterclaim. Appellants' motions were filed seven days before trial and after the deadline for amendment to pleadings. The Bank filed objections to appellants' motions. Although not clearly reflected in the record, the Bank also filed special exceptions and the case was reset for trial on March 19, 1990. Eleven days before trial, appellants filed a motion to extend the docket control order and another motion for leave to file a second amended answer and counterclaim. The docket sheet reflects that on March 12, 1990, the trial court denied "all motions and new pleadings [filed] after the cut-off date."

On March 19, 1990, this case was called to trial. Both parties appeared and announced ready. The court struck appellants' first amended answer and counterclaim because they were filed after the cut-off dates for discovery and amendment to pleadings. The court then ruled that the Bank's special exceptions and appellants' second amended answer and counterclaim were moot. The court determined that it would proceed only on the Bank's second amended petition and appellants' general denial. Finding no issues to present to the jury, the court rendered judgment on the

pleadings in favor of the Bank for the amount of $86,134.47 plus interest.

■ In their first point of error, appellants contend the trial court erred in entering judgment on the pleadings without a trial on the merits. We agree. The statement of facts of the March 19th "trial" clearly reflects that the trial court rendered judgment on the pleadings without hearing evidence. The court did not grant a summary judgment nor did it render a default judgment or nil dicit judgment, since appellants' filed an answer and appeared for trial. *See Frymire Engineering Co. v. Grantham*, 524 S.W.2d 680, 681 (Tex.1975); *See also Hall v. C–F Employees Credit Union*, 536 S.W.2d 266, 267 (Tex.Civ.App.–Texarkana 1976, no writ). The court ruled that the only "live" pleadings for trial were the Bank's second amended petition and appellants' general denial.

■ As in all other types of suits, a general denial in a suit upon a note puts in issue all matters pleaded by the plaintiff that are not required to be denied under oath. *Alexander v. Houston Oil Field Material Co.*, 386 S.W.2d 540, 543 (Tex.Civ. App.—Tyler 1965, writ ref'd n.r.e.). A general denial puts in issue allegations that the plaintiff is the owner or holder of the note, that the same is due, and the amount due and owing thereon. *Id.; Johnson v. Bond*, 540 S.W.2d 516, 518 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n.r.e.). In an ordinary trial on the merits, the plaintiff can discharge this burden by producing and introducing the original note into evidence. *Alexander*, 386 S.W.2d at 543; *Hayward v. Duiker*, 276 S.W.2d 320 (Tex.Civ.App.—Eastland 1955, no writ). The Bank failed to put on any proof as a consequence of the court's ruling and in violation of appellants' due process rights. U.S. CONST. amend. XIV, § 1; TEX. CONST. art. I, § 19; *Jordan v. Jordan*, 653 S.W.2d 356, 358 (Tex.App.—San Antonio 1983, no writ); *Turcotte v. Trevino*, 499 S.W.2d 705, 723 (Tex.Civ.App. —Corpus Christi 1973, writ ref'd n.r.e.).

■ The Bank's unsworn second amended petition is the sole basis of the court's judgment. Attached to the petition as ex-

hibits are unsworn and uncertified copies of the notes, the "workout agreement," the guaranty, and the default judgment and findings of fact and conclusions of law from the bankruptcy court. Pleadings simply outline the issues; they are not evidence, even for purposes of summary judgment, let alone a trial on the merits. *See Texas Nat'l Corp. v. United Sys. Int'l.*, 493 S.W.2d 738, 741 (Tex.1973) (citing *Hidalgo v. Surety Savings & Loan Assoc.*, 462 S.W.2d 540, 543 (Tex.1971)).

■ Fundamental to the concept of due process is the right to be heard. *Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972); *Jordan*, 653 S.W.2d at 358. The right to be heard assures a full hearing before a court having jurisdiction of the matter, the right to introduce evidence at a meaningful time and in a meaningful manner, and to have judicial findings based upon that evidence. *Id.; Turcotte*, 499 S.W.2d at 723. It includes also an opportunity to cross-examine witnesses, to produce witnesses, to be heard on questions of law, and the right to have judgment rendered after trial. 653 S.W.2d at 358. The trial court deprived appellants of this right. We sustain appellants' first point of error. Accordingly, we reverse the judgment of the trial court and remand for proceedings in accordance with this opinion.