REMINGTON ARMS COMPANY,
INC., Relator,

v.

The Honorable Terry A. CANALES,
Respondent.

No. D–1867.

Supreme Court of Texas.

Sept. 23, 1992.

William W. Kilgarlin, Austin, B. Lee Ware, Paul E. Stallings, Don Jackson, Paul S. Wells, Houston, Franklin S. Spears, San Antonio, Russell H. McMains, Jorge C. Rangel, Corpus Christi, Deborah Boden Clinebell, Houston, for relator.

Richard Miller, Springfield, Mo., Steven D. Naumann, Robart A. Chaffin, Dennis C. Reich, Houston, Jaime Omar Garza, Charles Lee Barrera, Alice, for respondent.

## OPINION

DOGGETT, Justice.

We consider whether the trial court abused its discretion in failing to permit the late filing of objections to a discovery request. Concluding that the unusual facts before us establish that a dilatory response should have been permitted, we conditionally grant the writ of mandamus.

In the underlying class action addressing the safety of the Model 700 rifle, its manufacturer, Remington Arms Company, failed to reply within thirty days to a request for

production. Through a motion to compel, the plaintiffs sought to obtain the requested materials, asserting that the failure to respond timely waived all objections and privileges. Remington subsequently tendered to the court its response to the request for production, seeking a motion for extension of time in which to file and providing an affidavit of counsel to establish good cause for the nonresponse. Additionally, Remington's counsel testified at the hearing that through inadvertence and miscommunications within his office no punctual answer was provided to this particular request, but that a timely response, including objections, was made to an identical request for production served by the same plaintiffs' counsel in other litigation involving the Model 700.[1]

After two hearings, the trial court granted the motion to compel and ordered production of all responsive documents on grounds of: (1) Remington's failure to establish good cause to excuse its late objections; (2) Remington's failure to submit timely affidavits and evidence supporting its claims of privilege; and (3) plaintiffs' demonstration of the relevance of and their need for the documents. Holding that inadvertence of counsel was insufficient to establish good cause, the court of appeals found no abuse of discretion in this order.

■ Rule 166b(4), Tex.R.Civ.P., provides: After the date on which answers are to be served, objections are waived unless an extension of time has been obtained by agreement or order of the court or good cause is shown for the failure to object within such period.

This rule is mandatory unless one of three exceptions is met: (1) counsel have agreed to an extension, *but see* Tex.R.Civ.P. 11; *London Market Cos. v. Schattman*, 811 S.W.2d 550 (Tex.1991) (per curiam) (oral agreement does not extend time for filing objections); (2) the trial court by order has granted an extension of time; or (3) good

cause for the late filing is shown. As our procedural rules permit extensions of time in the trial court only upon a demonstration of good cause, Tex.R.Civ.P. 5, the latter two conditions overlap substantially.

■ Because no agreement of counsel for filing of a late response is claimed, Remington's failure can be excused only upon a showing of good cause. Although the trial court, after an evidentiary hearing, determined that good cause had not been established, that decision is subject to mandamus review under an abuse of discretion standard. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986) (per curiam); *see also Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992).

■ This court has repeatedly held that inadvertence of counsel does not constitute good cause. *Sharp v. Broadway Nat'l Bank*, 784 S.W.2d 669, 672 (Tex.1990) (per curiam); *E.F. Hutton & Co. v. Youngblood*, 741 S.W.2d 363, 364 (Tex.1987) (per curiam). Describing the reasons for this exclusion as "intuitive," we recently explained that:

> If inadvertence of counsel, by itself, were good cause, the exception would swallow up the rule, for there would be few cases in which counsel would admit to making a deliberate decision not to comply with discovery rules.

*Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 915 (Tex.1992). As in *Alvarado*, we again decline to depart from our consistent precedent. *Id.*

We have not, however, been previously confronted with the circumstances before us today, in which identical requests for production were concurrently pending in similar litigation seeking exactly the same documents, but only one was timely answered. We have recently considered a similar dilemma, also in the discovery context, when through inadvertence an individual party was not identified in answer to an interrogatory requesting names of persons

---

1. The request for production in the underlying class action, *Luna v. Remington Arms Co.*, No. 28,730 (D.Ct. Jim Wells County), differs from that in *Munoz v. Remington Arms Co.*, No. 7417 (D.Ct. Childress County), in only two respects:

the caption and the date of signature. In all other aspects, including the six-page Exhibit A delineating 48 types of documents as to which production was sought, they are identical.

with relevant knowledge. *Smith v. Southwest Feed Yards, Ltd.*, 835 S.W.2d 89 (Tex. 1992). Recognizing there that the responsive information had in fact been delivered, although in the incorrect format—Smith's name was set out in an answer to a different interrogatory—we held that the trial court abused its discretion in failing to find good cause.[2] Consistent with *Smith*, we hold that the trial court abused its discretion in failing to find good cause when Remington had previously provided a response to an identical request.

 The remaining two grounds of the trial court's order focus on whether Remington timely produced evidence to support its claims of privilege. Remington relies on its Opposition to Plaintiffs' First Amended Motion to Compel and accompanying affidavits, arguing it thereby established a privilege, necessitating an *in camera* review of the documents by the trial court. We note that the principal affidavit cited by Remington was filed with the trial court *ex parte*—Remington's Opposition clearly states that "[A] copy of the affidavit is not being provided to Plaintiffs." It thus cannot provide the evidence necessary to carry Remington's burden of proof. Affidavits to establish a claimed privilege for discovery may not be tendered for *ex parte* consideration. *State v. Lowry*, 802 S.W.2d 669, 671 n. 2 (Tex.1991, orig. proceeding); *Barnes v. Whittington*, 751 S.W.2d 493, 495 n. 1 (Tex.1988, orig. proceeding); *see also* David E. Keltner, Texas Discovery 13:83 (1991).[3]

What appears to be this same affidavit, however, was referenced by plaintiff's counsel at one of the two hearings before the trial court. Remington later offered this document into evidence and tendered to the trial court for *in camera* inspection those materials as to which privilege was claimed. Under these circumstances, the trial court was obligated to perform an *in camera* review. *See State v. Lowry*, 802 S.W.2d at 673; *Weisel Enterprises v. Curry*, 718 S.W.2d 56, 57 (Tex. 1986, orig. proceeding).[4]

In *Walker v. Packer*, this court announced:

> [A] party will not have an adequate remedy by appeal ... when the trial court orders the disclosure of privileged information which will materially affect the rights of the aggrieved party.

827 S.W.2d at 843. By showing that it has been erroneously ordered to produce materials without the opportunity to prove privilege and materiality, Remington has satisfied the standards for issuance of mandamus.

We are confident that Judge Canales, after vacating his order of July 11, 1991, will conduct further proceedings in accordance with this opinion. Only if he fails to do so will the writ issue.

---

2. Our holding in *Smith*, like the one today, was a narrow one, according to the trial court some discretion in permitting the testimony of an individual party not identified in response to a proper interrogatory: "when identity is certain and when his or her knowledge of relevant facts has been communicated to all other parties, through pleadings by name and response to other discovery at least thirty (30) days in advance of trial." 835 S.W.2d at 91.

3. Submitting secret affidavits to gain the final word during judicial deliberations conflicts with decisions of this court and the codes of conduct which restrict *ex parte* communications between the bar and the judiciary. *See* Supreme Court of Texas, State Bar Rules art. X, § 9 (Texas Disciplinary Rules of Prof. Conduct) Rule 3.05(b) (1989); Texas Supreme Court, Code of Judicial Conduct, Canon 3, subd. A(5) (1987).

4. Although the trial court's order stated that "plaintiffs' demonstration of the relevance of and their need for the documents" constituted an independent ground for ordering the documents produced, under the circumstances of this case it was improper to make that determination without first performing an *in camera* review to evaluate the claims of privilege asserted by Remington.