**WILLIAM J. MARKS, SR., Appellant**

v.

**STEPHEN L. FELDMAN and The United States Government, Appellees.**

No. 05–94–01839–CV.

Court of Appeals of Texas, Dallas.

Sept. 13, 1995.

Drew R. Heard, H. Campbell Zachry, Van VanBebber, Jenkins & Gilchrest, P.C., Dallas, for Appellant.

William L. Wolf, P.C., Dallas, Gabrielle R. Wolohojian, Cynthia Keely Timms, Jerry K. Warren, Locke, Purnell, Rain, Harrell, Dallas, Morris Harrell, Office of Independent Counsel, Little Rock, AR, for Appellee.

Before BAKER, MORRIS and DEVANY, JJ.

## OPINION

BAKER, Justice.

This is an appeal from visiting judge David Cave's order sealing the statement of facts of an ex parte-in camera hearing. After announcing its decision to seal the record of the ex parte-in camera hearing, the trial court stated:

We set ourselves upon a new course like Columbus who sailed the ocean blue. He

did not sail by course that was known before he chartered [sic] new path.

We disagree. The trial court's course was well marked and well known. We need not chart a new course to decide this appeal. Our forefathers long ago clearly charted the judiciary's course under circumstances such as these.

In 1641, the British Parliament abolished the Court of Star Chamber. The founders of our nation crafted our federal Constitution and the Bill of Rights in part to prevent its revival. The founders of this state followed suit. We refuse to allow the Star Chamber to rise again like a phoenix.

We conclude the trial court's ex parte-in camera hearing violates both the United States and Texas Constitutions. We hold the trial court erred by conducting the closed hearing. We conclude the trial court did not follow Texas' guiding rules and principles when it sealed the record of the ex parte-in camera hearing. The trial court violated section four of rule 76a of the Texas Rules of Civil Procedure when it sealed the record. We reverse the trial court's order in its entirety and remand this cause for further proceedings.

## FACTUAL BACKGROUND

In January 1994, the United States Attorney General appointed an independent counsel to investigate certain matters in Arkansas to determine whether any person had violated federal criminal laws. In March 1994, a federal district court in the eastern district of Arkansas impaneled a grand jury to hear evidence about the independent counsel's investigation. In August 1994, Kenneth W. Starr succeeded the original independent counsel to continue the investigation in Arkansas.

After Starr's appointment, the government told Marks he was a target of a criminal investigation. The government told Marks it was investigating his nonreporting of income and nonfiling of tax returns. The government contacted both Marks and Marks' former accountant, Stephen L. Feldman, about the grand jury's investigation.

Marks asked Feldman to produce his records involving Marks' tax returns. Feldman refused to discuss the matter with Marks. Marks then filed this suit to perpetuate Feldman's testimony. After two hearings, the district court ordered Feldman to submit to a deposition and to produce the records subpoenaed by Marks.

Feldman filed a motion asking the trial court to reconsider its order. The trial court set a hearing on the motion for October 18, 1994. On the date of the hearing, the government, through the independent counsel's office, moved to intervene in the litigation. The trial court granted the government's motion to intervene.

The government also moved the court to reconsider its order permitting Marks to take Feldman's deposition and for Feldman to produce documents. The trial court then held a hearing on the government's motion to reconsider the discovery order. This hearing began in open court. However, the trial court agreed with the government's counsel to hear the government's evidence and arguments in secret. The trial court then adjourned the open court hearing. Over Marks' objection, the trial court excluded Marks, Feldman, and their attorneys from chambers. The trial court conducted an ex parte-in camera hearing with only the court, the court reporter, and the government's attorneys present. Before holding the ex parte-in camera hearing, the trial court told the parties he would seal the record from the ex parte-in camera hearing.

Following the ex parte-in camera hearing, the trial court reconvened in open court. The trial court told all the parties that during the ex parte-in camera hearing the trial court tried to work out a plan that would be acceptable to Marks, Feldman, and their attorneys. The trial court then stated its proposal for Marks and Feldman. Marks objected to the ex parte-in camera proceedings and the trial court's plan. The trial court's proposal resulted in the order that is the subject of this appeal.

## THE PARTIES' CONTENTIONS

### A. Marks' Contentions

Marks contends the trial court deprived him of his due process rights by conducting

the secret hearing and sealing the record of that hearing. Marks asserts the trial court's actions violated his rights under the First Amendment of the United States Constitution and under article I, section 19 of the Texas Constitution. He contends the trial court's actions violated his right to open courts under article I, section 8 of the Texas Constitution.

Marks contends the trial court abused its discretion in holding the ex parte-in camera hearing and in sealing the record of the hearing. He argues the trial court abused its discretion because it did not follow rule 76a of the Texas Rules of Civil Procedure.

### B. The Government's Contentions

The government contends the trial court's action did not deny Marks his right to due process or his right of access to open courts. The government argues there was no violation of constitutional rights because the material involved in the discovery process related to a federal grand jury investigation. The government asserts that general law about the secrecy of grand jury investigations required an ex parte-in camera hearing. The government asserts that rule 6(e) of the Federal Rules of Criminal Procedure provides the legal support for sealing the record of the ex parte-in camera hearing.

### APPLICABLE LAW

### A. Due Process and Due Course of Law

■ Both the United States and Texas Constitutions provide that a person shall not be deprived of life, liberty, or property without due process of law. *See* U.S. CONST. AMEND. XIV § 1; TEX. CONST. art. I, § 19. Fundamental to due process and due course of law is the right to a hearing. *Derbigny v. Bank One,* 809 S.W.2d 292, 295 (Tex.App.—Houston [14th Dist.] 1991, no writ); *Jordan v. Jordan,* 653 S.W.2d 356, 358 (Tex.App.—San Antonio 1983, no writ). The right to a hearing includes a full hearing before a court with jurisdiction of the matter. The right to a hearing includes the right to introduce evidence at a meaningful time and in a meaningful manner. The right to a hearing includes the right to have judicial findings based on evidence in the record. The right to a hearing also includes an opportunity to cross-examine witnesses, to produce witnesses, and a hearing on questions of law. *Derbigny,* 809 S.W.2d at 295; *Jordan,* 653 S.W.2d at 358.

■ Trial judges must conduct legal proceedings by the rules and forms established for the protection of private rights. Otherwise, life, liberty, or property would be taken without due process of law and would violate the fundamental principles of our laws. *Steddum v. Kirby Lumber Co.,* 110 Tex. 513, 221 S.W. 920, 921 (1920). The judiciary has no special perquisite to permit it, as distinguished from any other democratic government institution, to suppress, edit, or censor events that occur in proceedings before it. *Craig v. Harney,* 331 U.S. 367, 374, 67 S.Ct. 1249, 1254, 91 L.Ed. 1546 (1947). We measure trials, not by the secrecy standard that applies to grand jury proceedings, but by constitutional standards that apply to court proceedings. *See In re Oliver,* 333 U.S. 257, 265, 68 S.Ct. 499, 503, 92 L.Ed. 682 (1948).

Our rules and case law permit ex parte communications only in limited, extraordinary, emergency situations. *See Barnes v. Whittington,* 751 S.W.2d 493, 495 n. 1 (Tex. 1988). Our rules and case law disfavor ex parte communication. *Barnes,* 751 S.W.2d at 495 n. 1; *see* TEX. DISCIPLINARY R. PROF. CONDUCT 3.05(b) (1989), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (Vernon Supp.1995) (STATE BAR RULES art. X, § 9). Submitting secret affidavits to gain the final word during judicial deliberations conflicts with decisions of the Texas Supreme Court and the codes of conduct restricting ex parte communications between the bar and the judiciary. *Remington Arms Co., v. Canales,* 837 S.W.2d 624, 626 n. 3 (Tex.1992) (orig. proceeding); *See* TEX. DISCIPLINARY R. PROF. CONDUCT 3.05(b) (1989), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (Vernon Supp.1995) (STATE BAR RULES art. X, § 9); TEX. CODE JUD. CONDUCT, Canon 3, pt. B(8) (1994), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. B (Vernon Supp. 1995).

## B. Sealing Records

### 1. Guiding Rules for Sealing Records

In Texas, the sealing of a record must meet the procedural prerequisites of rule 76a of the Texas Rules of Civil Procedure. *See* TEX.R.CIV.P. 76a; *Davenport v. Garcia*, 834 S.W.2d 4, 24 (Tex.1992) (orig. proceeding); *Chandler v. Hyundai Motor Co.*, 829 S.W.2d 774, 775 (Tex.1992). In Texas, rule 76a provides the guiding rules and principles for sealing court records. *Upjohn Co. v. Freeman*, 847 S.W.2d 589, 590 (Tex.App.—Dallas 1992, no writ); *Dunshie v. General Motors Corp.*, 822 S.W.2d 345, 347 (Tex.App.—Beaumont 1992, no writ). Rule 76a requires a written motion open to public inspection. TEX.R.CIV.P. 76a(3). Rule 76a requires a posted public notice that the court will hold an open court hearing on the motion to seal. TEX.R.CIV.P. 76a(3). Rule 76a requires a hearing, open to the public, in open court on the motion to seal. TEX.R.CIV.P. 76a(4).

### APPLICATION OF LAW TO THE FACTS

Marks contends the trial court erred in conducting the secret hearing and in sealing the record of that hearing because the trial court did not require the government to follow rule 76a of the Texas Rules of Civil Procedure. Marks asserts that conducting the secret hearing and sealing the record violated his due process and due course of law rights under the United States and Texas Constitutions.

■ On the other hand, the government contends that general law involving the secrecy of grand jury investigations required the trial court to hold the hearing about the government's side of the case ex parte and in camera. The government also contends that rule 6(e) of the Federal Rules of Criminal Procedure provides the legal support for sealing the record of the ex parte-in camera hearing. We disagree.

■ Implicit in the government's argument is the assumption that rule 6(e) of the Federal Rules of Criminal Procedure shields all testimony and documents considered by a federal grand jury, whether or not obtained by a subpoena, with a complete cloak of secrecy. Federal law shows that such is not the case. Rule 6(e)'s restrictions apply only to disclosure of matters occurring before the grand jury. *See* FED.R.CRIM.P. 6(e)(2); *United States v. Stanford*, 589 F.2d 285, 291 (7th Cir.1978), *cert. denied*, 440 U.S. 983, 99 S.Ct. 1794, 60 L.Ed.2d 244 (1979). The government may not impose an obligation of secrecy on any person except in accordance with rule 6(e). *See* FED.R.CRIM.P. 6(e)(2). Unless information reveals something about the grand jury proceedings itself, secrecy is unnecessary. *United States v. Stanford*, 589 F.2d at 291.

■ Thus, when a party seeks testimony or documents for their own sake—for their intrinsic value in furtherance of a lawful investigation—rather than to learn what took place before the grand jury, it is not a defense to disclosure of that testimony or documents that a grand jury had been or was presently examining the testimony or documents. *United States v. Stanford*, 589 F.2d at 291; *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52, 54 (2nd Cir.1960).

■ Rule 6(e) of the Federal Rules of Criminal Procedure codifies the tradition of grand jury secrecy. However, grand jury secrecy as codified in rule 6(e) is not absolute. *See In re Grand Jury Matter*, 640 F.Supp. 63, 65 (E.D.Pa.1986). Grand jury secrecy is no magical incantation making everything connected with the grand jury's investigation somehow untouchable. *See In re Grand Jury*, 454 F.2d 580, 583 (7th Cir.1971), *rev'd on other grounds, sub. nom., United States v. Mara*, 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99 (1973). Disclosure of information obtained from sources independent of a grand jury proceeding, though prepared with the purpose of ultimately using it before a grand jury, is independent of the proceedings and thus outside the scope of rule 6(e). *See In re Grand Jury Matter*, 682 F.2d 61, 64 (3rd Cir.1982).

■ Even when grand jury proceedings are involved, federal law dictates that the court should use in camera proceedings sparingly. The rationale is that in camera and ex

parte hearings necessarily deprive one party of the opportunity to confront the evidence or even to articulate intelligent legal arguments. *See United States v. Premises Known as 25 Coligni Ave., New Rochelle, N.Y.,* 120 F.R.D. 465, 470 (S.D.N.Y.1988). To this end, rule 6(e)'s secrecy requirement does not cover information obtained in an independent investigation merely because the government may also present that information to the grand jury. *In re Grand Jury Matter,* 682 F.2d at 63.

■ The argument to require an in camera inspection or hearing to avoid jeopardizing a grand jury investigation fails for the same reasons. *See United States v. Premises Known as 25 Coligni Ave.,* 120 F.R.D. at 470. Accordingly, we conclude that the general law does not support the government's assertion that the secrecy of grand jury investigations required an ex parte-in camera hearing in this case. We reject the government's argument.

■ We measure trials, not by the secrecy standard that applies to grand jury proceedings, but by the constitutional standards that apply to court proceedings. *In re Oliver,* 333 U.S. at 265, 68 S.Ct. at 503. Constitutional standards of due process and due course of law require a hearing. The right to a hearing includes a full hearing in open court with the important right to introduce evidence at a meaningful time in a meaningful manner and the opportunity to cross-examine witnesses, to produce witnesses, and a hearing on questions of law. *See Derbigny,* 809 S.W.2d at 295; *Jordan,* 653 S.W.2d at 358. Holding an ex parte-in camera hearing violates these fundamental tenets of constitutional due process.

■ Additionally, our rules and case law disfavor ex parte communication with the court. *See Barnes,* 751 S.W.2d at 495 n. 1. We see no difference between submitting secret affidavits to a court ex parte-in camera and submitting testimony sworn or unsworn to the court in an ex parte-in camera hearing. In our view, our rules and case law condemn this conduct. *See Remington Arms Co.,* 837 S.W.2d at 626 n. 3; *Global Services, Inc. v. Bianchi,* 901 S.W.2d 934, 938 (Tex.1995).

We hold the ex parte-in camera hearing the trial court held in this proceeding violates both the United States and Texas Constitutions, Texas rules and case law. *See Remington Arms Co.,* 837 S.W.2d at 626 n. 3; TEX. DISCIPLINARY R. PROF. CONDUCT 805(b) (1989), reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (Vernon Supp.1995); (STATE BAR RULES, art. X, § 9); TEX. CODE JUD. CONDUCT, Canon 3, pt. B(8) (1994), reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. B (Vernon Supp.1995). We hold the trial court erred by conducting the ex parte-in camera hearing.

■ We also conclude rule 6(e) of the Federal Rules of Criminal Procedure does not provide legal support for sealing the record of the ex parte-in camera hearing. In Texas, rule 76a provides the guiding rules and principles for sealing court records. *Upjohn,* 847 S.W.2d at 590. When a trial court seals a record, the proceeding and order must meet the procedural requirements of rule 76a. *See* TEX.R.CIV.P. 76a; *Davenport,* 834 S.W.2d at 24. The record here shows neither the government nor the trial court followed rule 76a. The government did not provide a written motion open to public inspection. *See* TEX.R.CIV.P. 76a(3). The government did not post a public notice that the court was going to hold an open court hearing on a motion to seal a record. *See* TEX. R.CIV.P. 76a(3). Over a clearly stated objection, and contrary to the express language of the controlling rule, the trial court held a hearing closed not only to the public but closed to one of the parties and his attorney. *See* TEX.R.CIV.P. 76a(4). We conclude the trial court erred because it did not follow or require the government to follow the explicit requirements of rule 76a in sealing the record of the in camera-ex parte hearing. We sustain Marks' points of error one, two, and three.

## SUMMARY

We conclude the trial court's decisions to hold an ex parte-in camera hearing and to seal the record of the closed hearing were improper as a matter of law. We set aside the trial court's order of October 26, 1994.

We reverse and remand this cause for further proceedings.