Stephen L. FELDMAN and the United
States Government, Petitioners

v.

William J. MARKS, Sr., Respondent.

No. 95–1257.

Supreme Court of Texas.

Dec. 13, 1996.

Morris Harrell, Jerry K. Warren, Cynthia Keely Timms, Dallas, Kenneth W. Starr, Steven M. Colloton, Washington, DC, for petitioners.

H. Campbell Zachry, Drew R. Heard, Van VanBebber, Robert E. Davis, Dallas, for respondent.

PER CURIAM.

After William J. Marks, Sr. was informed by the Office of Independent Counsel of the United States Government that he may have failed to file tax returns in certain years and that his tax returns in other years may have been incorrect, he attempted to obtain documents related to those returns from his former accountant, Stephen Feldman. When Feldman refused to cooperate because of his own concerns about the OIC's investigation, Marks, worried that Feldman was in ill health, petitioned the district court under Rule 187, Tex.R.Civ.P., to order Feldman's deposition to preserve his testimony and obtain documents. The district court ordered the deposition as Marks requested, and Feldman moved for reconsideration. At the hearing on the motion, OIC counsel appeared

and urged the court to vacate its order so as not to interfere with an ongoing federal grand jury investigation. Over Marks' objection, the court agreed to hear OIC counsel in chambers, outside the presence of Marks and his counsel. A transcript was made of the discussion in chambers, and Marks requested a copy. The district court refused and sealed the transcript.

Marks appealed the district court's refusal to release the transcript under Rule 76a, TEX.R.CIV.P. The United States argued that the transcript was properly sealed because OIC counsel disclosed to the district court grand jury information made secret by Rule 6(e), FED.R.CIV.P. The court of appeals ordered disclosure of the transcript because "the general law does not support the government's assertion that the secrecy of grand jury investigations required an ex parte-in camera hearing in this case", and "the ex parte-in camera hearing the trial court held in this proceeding violates both the United States and Texas Constitutions, Texas rules and case law." 910 S.W.2d 73, 78. The United States applied to this Court for writ of error. We granted the application on April 12, 1996, 39 TEX. SUP.CT. J. 451, and heard oral argument on September 4, 1996.

■ The appellate record does not contain the sealed transcript, despite Marks' request that "the statement of facts of the hearing", which should have included the sealed transcript, be made part of the appellate record. Marks learned of the omission while the case was pending in the court of appeals but did not move to supplement the record. Recognizing Marks' burden as appellant "to see that a sufficient record is presented to show error requiring reversal", Rule 50(d), Tex. R.App. P., Marks' counsel explained the omission to us at oral argument as follows:

> We designated that sealed material as a part of [the record] in this case. There is no dispute about that. What we later found when it did not come forward is that the trial judge secretly had sent it to the Office of Independent Counsel. No notice was given to us that it was so dispatched. Later we understand it might have been returned by the Office of Independent Counsel, but we have never seen that, we

have never been given access to it, and the trial judge secretly sent it to the Office of Independent Counsel.

Although he was not present in chambers for the discussion between the district court and OIC counsel, Marks disputes the United States' account of what occurred there. Asked at oral argument whether he was willing to concede that OIC counsel disclosed grand jury information to the district court, as the United States contends, Marks' counsel answered, "No, Your Honor, certainly I am not." He went on:

> What happened here went beyond an *in camera* submission of privileged documents. What went on was either argument treated as factual testimony by the judge, or factual testimony by the judge, and we were excluded from any participation. We had no right to cross-examine, no right to advocate our view, no right to make distinctions, no right to object. And this is critical I think: probably 90 percent of what that young lady [OIC counsel] had to say—and she's a fine lawyer, by the way; this is not intended as criticism—probably 90% of what she had to say to the court was in no sense protected. But we couldn't be there to assert that. We had no way of knowing what was happening behind that closed door for 45 minutes. And what happened when the court exited was the judge said: counsel and I have developed a plan; we would like to offer you this plan.

■ If an appellant fails to present a complete statement of facts on appeal, the appellate court must presume that the omitted portions are relevant and support the trial court's judgment. *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex.1990) (per curiam); *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex.1987); *Murray v. Devco, Ltd.*, 731 S.W.2d 555, 557 (Tex.1987). Without the sealed transcript, we are obliged to presume, as was the court of appeals, that the transcript contains grand jury information made secret by Rule 6(e), FED.R.CIV.P., as the United States contends. Despite this presumption, Marks argues that he is entitled to see the transcript irrespective of what it contains because OIC counsel waived any

claim of secrecy by requesting an *ex parte* hearing in chambers in violation of Texas procedure and Marks' constitutional rights.

█ It is possible to decide Marks' contentions without recourse to the sealed transcript, but we are wary of doing so, for our concern is not limited to the decision of this case. We must be mindful of the effect of this case on others. The procedure used by the district court was extraordinary. The United States cites only a few cases allowing *in camera, ex parte* hearings: *In re Grand Jury Proceedings*, 33 F.3d 342, 351–353 (4th Cir.1994); *In re John Doe, Inc.*, 13 F.3d 633, 636–637 (2nd Cir.1994); *In re Grand Jury Proceedings*, 867 F.2d 539, 540–541 (9th Cir. 1989); *In re Antitrust Grand Jury*, 805 F.2d 155, 161–162 (6th Cir.1986); *In re Eisenberg*, 654 F.2d 1107, 1112 (5th Cir.1981). We do not say that these cases are all apposite to the present case, only that they show that the procedure was very unusual. Also, *ex parte* hearings are disfavored in this State as a rule. *Remington Arms Co. v. Canales*, 837 S.W.2d 624, 626 n. 3 (Tex.1992); *Barnes v. Whittington*, 751 S.W.2d 493, 495 n. 1 (Tex. 1988); *Global Servs., Inc. v. Bianchi*, 901 S.W.2d 934, 938 (Tex.1995). Again, we do not say that these cases are dispositive of the present one, only that they show that a procedure like the one used in this case is ordinarily improper. In these circumstances, we are reluctant to decide an issue involving the secrecy of federal grand jury proceedings and the right of a party to be present at court all proceedings based on presumptions.

Rule 55(c), TEX.R.APP.P., states:

> Should it be apparent during the submission or afterwards that the case has not been properly prepared as shown in the transcript, or properly presented in the brief or briefs, ... [the appellate court] may ... make such orders as may be necessary to secure a more satisfactory submission of the case....

We read this rule to authorize an appellate court to order an amendment to the appellate record when necessary to a proper presentation of the case. *See also* TEX.R.APP.P. 51(d) ("The appellate court on its own initiative may direct the clerk of the court below to send to it any original paper or exhibit for its inspection."). For the reasons explained, we believe it is necessary to a proper submission of this case to direct the district court to transmit the sealed transcript to this Court.

As we have said, the burden is ordinarily on the appellant—in this case Marks—to present a complete record in an unrestricted appeal, and appellant's failure to discharge this burden ordinarily results in presumptions against appellant's position. We do not question the wisdom of this rule, but in extraordinary cases—as this one certainly is—the appellate court must have residual authority to complete the record to assure that justice is done.

The dissent "admit[s] that there may be circumstances in which this kind of unusual action by our Court would be appropriate", but complains that the "court gives no guidance about the circumstances under which it will take it upon itself to perfect the record when none of the parties have asked for it", and "see[s] no reason to give this case special treatment." *Ante* at 616. The short answer to the dissent is that an appellate court may use the authority granted by Rule 55 "as may be necessary to secure a more satisfactory submission of the cause". While we do not suggest that appellate courts should routinely reconstruct the record presented by the parties, in a case like this one which has no close precedent in Texas law, which involves by all accounts a procedure that is extraordinary in any jurisdiction, and which involves fundamental interests of opposing parties, the appellate court need not rely on presumptions when answers are at hand.

Accordingly, the district court is directed to immediately transmit to the Clerk of this Court the sealed transcript in this case.

GONZALEZ, Justice, dissenting from Order to Supplement the Record.

The parties have briefed and argued this case, and we have accepted the submission. Marks asks us to hold that he is entitled to prevail regardless of what is contained in the sealed record. Thus, this case presents us with a straightforward legal issue, and there are no difficulties in answering the questions presented. Rather than rule on the merits

on record before us, the Court on its own motion takes the extraordinary step of ordering supplementation of the record. I would decide the case on the same record that was presented to the court of appeals and our Court without complaint from either party. Thus, I dissent.

The Court acknowledges that it was Marks's burden to present a record sufficient to establish error requiring reversal. *See* Tex.R.App.P. 50(d). Marks admits that he knew of the defect while the case was in the court of appeals. His position in the court of appeals and in this Court is that it is unnecessary to know the contents of the sealed record to decide the case in his favor, and that his designation of the "statement of facts" was sufficient to preclude the adverse presumptions normally applied when the appellant has not filed a complete statement of facts. In his brief in our Court, the only relief Marks requested was that we deny the Government's application for writ of error. When questioned at oral argument, his counsel acknowledged that he knew the record was missing, but reiterated:

> [O]ur complaint is that the procedure that was followed was dead wrong, and that procedure can be inferred from the statement of facts and transcript that is before this Court today. One doesn't have to see what [the Government's lawyer] had said to the trial judge to know that the procedure that was followed is in violation not only of Rule 76, but fundamental principles of due process.

Marks's counsel never intimated that, alternatively, we should order supplementation of the record.

While it is usually desirable to decide a case on a full record, as the Court acknowledges, under our current rules, perfecting the record is the appellant's duty. Tex. R.App.P. 50(d); *see Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex.1990) (holding that without a complete record, an appellate court cannot ascertain whether a trial court ruling is harmful in the context of the entire case). A reviewing court may order the record supplemented, but only under circumstances consistent with the rule for amending the record. *See* Tex.R.App.P. 55(a)-(c). Rule 55

reflects a concern that haphazard presentation of the record will often unreasonably delay disposition of the case. When the case has already been submitted, the delay will involve more than merely waiting to get the record. If the supplementation changes the complexion of the case, the court must consider whether basic fairness requires allowing the parties to re-brief and re-argue the case in light of the additions to the record.

More fundamentally, the appellate rules reflect a policy that our Court decide a case in the same posture that was presented to the court of appeals. Ultimately, we focus on whether the court of appeals' judgment was correct. We may reverse only if there is error in the judgment, and we must render the judgment the court of appeals should have rendered. Tex.R.App.P. 182, 184. When we order supplemental records, we decide a case that was never before the court of appeals. Allowing supplementation at this level of review contravenes our Rules of Appellate Procedure and undermines the role and authority of the intermediate appellate courts.

I admit that there may be circumstances in which this kind of unusual action by our Court would be appropriate. However, our Court gives no guidance about the circumstances under which it will take it upon itself to perfect the record when none of the parties have asked for it. The Court's justification is that this is a special case "which has no close precedent in Texas law, which involves by all accounts a procedure that is extraordinary in any jurisdiction, and which involves fundamental interests." 960 S.W.2d at 615. This rationale provides no clues for future litigants to predict when the appellant may be relieved of the duty to perfect the record. There is no explanation as to what distinguishes this case from other cases of first impression with novel procedural questions and what makes this case and the rights implicated here any more "fundamental" than the others we deal with every day. If standards exist for when our Court, on its own, will order supplementation of the record, then the Court should clearly articulate those guidelines before taking such precipitous action. We must play the hand that the

parties have dealt us. Otherwise, the bench and bar who rely on Rules 50(d) and 55 do so at their peril.

I see no reason to give this case special treatment. I would review the case in the same posture as presented to the court of appeals and resolve it as the parties have asked. I would not order supplementation on our own motion without establishing criteria for future cases. Because the supplementation changes the complexion of the case and the standard of review, basic fairness requires at a minimum that the parties be allowed to re-brief and re-argue the case.