Dunbar v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-012-CV

Â Â Â Â Â THEODORE MARTELL, A/K/A 
Â Â Â Â Â TED MARTELL, AND WIFE, 
Â Â Â Â Â T. DARLENE MARTELL, A/K/A
Â Â Â Â Â DARLENE MARTELL,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellants
Â Â Â Â Â v.

Â Â Â Â Â LARRY EVANS, ET AL.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

From the 40th District Court
Ellis County, Texas
Trial Court No. 55,698
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â On February 26, 1998, the appellants, Ted and Darlene Martell, filed a motion to voluntarily
dismiss this appeal against the appellees, Larry and Cheryl Evans. In relevant portion, Rule
42.1(a) of the Texas Rules of Appellate Procedure provides:
(a) The appellate court may dispose of an appeal as follows:
(2) in accordance with a motion of appellant to dismiss the appeal or affirm the
appealed judgment or order; but no other party may be prevented from seeking
any relief to which it would otherwise be entitled. 
Tex. R. App. P. 42.1(a)(2).
Â Â Â Â Â Â The appellees have not filed a response to this motion. Accordingly, this cause is dismissed,
with costs to be taxed against the appellants.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Justice Vance
Appeal dismissed
Opinion filed and delivered March 11, 1998
Do not publish



rts:
Discouraging Secrecy in the Public Interest, 69 Tex. L. Rev. 643 (1991). 
The rule prohibits private agreements which prevent the disclosure of information
and documents absent strict compliance with the rule.Â  See Tex. R. Civ. P. 76a; Davenport v.
Garcia, 834 S.W.2d 4, 24 (Tex. 1992) (orig. proceeding); see also Gen.
Tire at 524.Â  Â[C]ourt records,Â as defined by Rule 76a, Âare presumed to
be open to the general public.ÂÂ  Tex. R.
Civ. P. 76a(1); see In re ContÂl Gen. Tire, Inc., 979 S.W.2d 609,
614 n.4 (Tex. 1998) (orig. proceeding); Gen. Tire at 523; Davenport at 23; In re Bain, 144 S.W.3d 236, 241 (Tex. App.ÂTyler
2004, orig. proceeding).Â  Under the rule, Âcourt recordsÂ

may
be sealed only upon a showing of all of the following:

Â Â Â Â Â  (a)Â Â  a specific, serious and substantial
interest which clearly outweighs:

Â Â Â Â Â  (1)Â Â  th[e] presumption of openness; 

Â Â Â Â Â  (2)Â Â  any probable adverse effect that
sealing will have upon the general public health or safety; 

Â Â Â Â Â  (b)Â Â  no less restrictive means than
sealing records will adequately and effectively protect the public interest
asserted.

Tex. R. Civ. P. 76a(1).Â  

Â Â Â Â Â  The term Âcourt recordsÂ includes,
relevant to this case, both documents filed with a court, with rare exceptions,
and some unfiled discovery products.Â  ÂCourt recordsÂ include

all
documents of any nature filed in connection with any matter before any civil
court, except:

Â Â Â Â Â  (1)Â Â  documents filed with a court in
camera, solely for the purpose of obtaining a ruling on the discoverability of
such documents;

Â Â Â Â Â  (2)Â Â  documents in court files to which
access is otherwise restricted by law; [and]

Â Â Â Â Â  (3)Â Â  documents filed in an action
originally arising under the Family Code.

Tex. R. Civ. P. 76a(2)(a).Â  Before restricting public access to
filed court records, the court must comply with the procedural requirements of
the rule, including motion, posted notice, public hearing, and public order.Â  See
id. 76a(3)-(4), (6); Gen. Tire, 970 S.W.2d at 523-24.Â  ÂCourt
recordsÂÂ  also include

discovery,
not filed of record, concerning matters that have a probable adverse effect
upon the general public health or safety, or the administration of public
office, or the operation of government, except discovery in cases originally
initiated to preserve bona fide trade secrets or other intangible property
rights.

Tex. R. Civ. P.Â 76a(2)(c).Â  Before initiating the ruleÂs special procedural
requirements for sealing court records, the trial court must make the Âthreshold
determinationÂ that the documents constitute court records.Â  Gen. Tire at
524-25.Â  Â[A] trial court is not required to determine whether unfiled
discoveryÂ or other unfiled documents that may constitute court records
Âconstitute[] a court record until requested to do so by a party or intervenor
.Â .Â .Â .ÂÂ  Id. at 525 (emphasis in orig.).Â  The
court may, however, make that determination sua sponte.Â  Id.Â  Rule
76a is not intended to be interpreted so that Âthe parties could largely
control the application of the rule without regard to the public interest the
rule seeks to protectÂ in the absence of intervention by a third party.Â  Id. at 524.Â  

Â Â Â Â Â  There is little precedent regarding
sealing records in the appellate courts.Â  Almost all of it relates to juvenile
proceedings, privilege review of documents submitted in camera, or appeal of
Rule 76a orders.Â  See Tex. Fam.
Code Ann. Â§Â 58.003 (Vernon Supp. 2006); Tex. R. Civ. P. 76a; e.g., Feldman v. Marks, 960
S.W.2d 613 (Tex. 1996) (per curiam); In re Monsanto Co., 998 S.W.2d 917
(Tex. App.ÂWaco 1999, orig. proceeding); In re D.L.C., 124 S.W.3d 354
(Tex. App.ÂFort Worth 2003, no pet.) (juvenile adjudication); Clear Channel
CommcÂns, Inc. v. United Servs. Auto AssÂn, 195 S.W.3d 129 (Tex. App.ÂSan Antonio 2006, no pet.).Â  Given the policy decisions that were implicit in the
implementation of Rule 76a, however, I see no reason to depart substantially
from it in connection with sealing documents on appeal.Â  See Dallas
Morning News Â v. Fifth Court of Appeals, 842 S.W.2d 655, 665 n.7 (Tex.
1992) (orig. proceeding) (Doggett, J., dissenting) (citing Lloyd Doggett &
Michael J. Mucchetti, Afterword to Public Access to Public Courts:
Discouraging Secrecy in the Public Interest, in Texas Litigation Reader 158, 204 (A.F. Brooke II & Gregory
S. Coleman eds., 1992)).Â  

Â Â Â Â Â  The appellate court may seal the
appellate record on an agreed motion, when the trial court has properly ordered
court records sealed.Â  See Tindall v. Nationsbank of Tex., N.A., No.
05-97-01843-CV, 1998 Tex. App. LEXIS 3728 (Tex. App.ÂDallas June 22, 1998, no
pet.) (per curiam).Â  I do not find any
indication in the record before us that the trial court employed the special procedures
of Rule 76a for sealing court records.Â  The trial court signed an unopposed protective
order limiting disclosure of documents, and made no express findings on whether
those documents constituted court records.Â  Therefore, I cannot rely upon
compliance with Rule 76a in the trial court to seal the brief or the
information that it contains on appeal as well.

Â Â Â Â Â Â Â  Were we
expressly governed by Rule 76a, Navasota ResourcesÂ brief filed with the Court
would constitute a court record, which we could seal only in extremely rare
circumstances.Â  Thus, before I agree to
seal such an otherwise public court record, absent some specific statute or
rule authorizing the sealing, there should be a determination that the record
should be sealed under Rule 76a.[3]Â 
No such determination has been made regarding the brief sought to be sealed in
this appeal.Â  On the record before us, I do not discern the confidential
information to which Navasota ResourcesÂ brief refers.Â  To the contrary, the
brief tends to indicate that the appeal implicates matters of public concern.Â  Navasota
ResourcesÂ motion does not justify sealing.Â  Therefore, I cannot agree to seal the
brief from the public.

Â Â Â Â Â  Therefore, I would either deny the motion,
or abate this appeal to allow the trial court to determine whether Navasota
ResourcesÂ brief, and the documents on which the brief relies, constitute court
records under Rule of Civil Procedure 76a, and if they do, to hold the Rule 76a
hearing and determine whether the documents should be sealed.Â  See Tex. R. Civ. P. 76a(1), (8).Â  After the
trial court has conducted a hearing, as necessary, and made an initial
determination on sealing, I would then abide by that determination unless and
until it was properly challenged.[4]Â  

Â Â Â Â Â  Because the Court seals a
brief that should otherwise be publicly available, I respectfully dissent.

TOM GRAY

Chief Justice

Â 

Dissenting
opinion delivered and filed December 13, 2006

Publish









Â Â Â Â Â Â Â Â Â  [1]
The motion does not purport to be sealed.Â 






Â Â Â Â Â Â Â Â Â  [2]
I note that the motion states, ÂUnder the
Protective Order, certain documents and information exchanged between the
parties through discovery are deemed confidential.Â  The Protective Order
further provides that all motions and pleadings discussing or reflecting
confidential information shall be filed under seal.ÂÂ  (Mot. at 1-2.)Â  I do not
perceive that the order does either.Â  The order states that it Âestablishes
procedures to facilitate discovery while maintaining the confidentiality of
commercially sensitive information (referred to here as ÂConfidential
InformationÂ).ÂÂ  (Id. Ex. A at 1.)Â  The order Âapplies to all documents
and tangible things produced by any party in connection with this lawsuit,
including copies, excerpts, and summaries thereof, and all deposition testimony
in which such documents or tangible things (including the contents thereof) are
discussed.ÂÂ  (Id.)Â  And the order requires that Â[p]arties seeking to
file Confidential Information with a motion or pleading shall file such motion
and Confidential Information under seal.ÂÂ  (Id. at 4.)Â  Navasota
Resources cannot rely on the trial courtÂs order to justify sealing its brief
on appeal.





Â Â Â Â Â Â Â Â Â  [3]
We have held that Âwe do have authority to
seal a privileged document inadvertently made a part of an appellate court
record.ÂÂ  In re GMAC Commercial Fin., L.L.C., 167 S.W.3d 940, 941 (Tex.
App.ÂWaco 2005, order), disp. on merits, No. 10-05-00186-CV, 2005 Tex.
App. LEXIS 3195 (Tex. App.ÂWaco Apr. 27, 2005, orig. proceeding) (mem. op.); accord
Monsanto Co. v. Davis, 110 S.W.3d 28, 29-30 (Tex. App.ÂWaco 2002, order)
(per curiam), disp. on merits, No. 10-02-00208-CV, 2004 Tex. App. LEXIS
3570 (Tex. App.ÂWaco Apr. 21, 2004, no pet.) (mem. op.).Â  The statute and rule
on which we relied in those cases do not support sealing here.Â  Cf. Monsanto
at 29 (citing Tex. GovÂt Code Ann.
Â§Â 21.001(a) (Vernon 2004); Tex. R.
App. P. 29.3).Â  Government Code Section 21.001(a) concerns our powers to
enforce our legal orders, but does not establish what orders are legal.Â  Rule
of Appellate Procedure 29.3 governs interlocutory appeals, which this case is
not.





Â Â Â Â Â Â Â Â Â  [4]
I note that the sealing of a brief in the
appellate court is different from the clerksÂ and reportersÂ records that come
to this Court already under seal.