In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00388-CV


____________________



IN THE INTEREST OF D.T.C.






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause No. 07-06-06370 CV






 MEMORANDUM OPINION


 The trial court determined that Montgomery County, Texas, was an inconvenient
forum for this child custody proceeding. On appeal, J.D.C. contends the trial court erred in
making this determination. Because we find that appellant failed to show that the trial court
abused its discretion, we affirm.

Background


 S.R.C. ("Stephanie") and J.D.C. ("Jeremy") are the parents of one child, D.T.C., born
in June 2000. When the child was born, Stephanie and Jeremy were married and were
members of the United States Army. After the couple had been separated for two years, a
Kentucky court rendered their divorce decree in 2006. The decree incorporated a settlement
agreement providing for them to have joint custody of the child but designating Stephanie
as the child's "primary physical custodian." Jeremy ultimately remarried and moved to
Montgomery County, Texas. 

 In July 2006, Stephanie was transferred to Fort Bragg, North Carolina, where she and
the child lived until Stephanie was deployed to Iraq in November 2006. The child went to
live with Jeremy in Texas while Stephanie was in Iraq. In June 2007, Stephanie returned
from Iraq and filed a petition for writ of habeas corpus in Montgomery County, seeking
return of the child. 

 Jeremy filed his petition seeking modification of the Kentucky order, and the trial
court referred the case to mediation early in July 2007. After a two-day hearing on Jeremy's
application for temporary orders, the trial court appointed Stephanie and Jeremy temporary
joint managing conservators on August 12, 2007. In its September 6 order, the court granted
Stephanie, "the exclusive right to designate the primary residence of the child without regard
to geographic location[.]" The court also ordered Stephanie to surrender the child to Jeremy
if she was transferred or deployed outside of the United States and ordered Jeremy to return
the child to Stephanie no later than seven days after receiving Stephanie's demand to do so.

 On August 19, 2007, Stephanie was deployed to Iraq again, and the child returned to
Texas to live with Jeremy. In December 2007, the trial court again signed temporary orders,
leaving undisturbed the provisions discussed above.

 In December 2007, Stephanie returned from Iraq. The trial court again referred the
case to mediation, and the parties executed a Rule 11 agreement on January 14, 2008. 
Among other matters, the agreement stipulated that: (1) the child should reside primarily
with Jeremy for the remainder of the 2007-2008 school year, and (2) the child "shall be
returned to [Stephanie] in North Carolina to begin the 2008-2009 school year." By late
January 2008, however, Jeremy had filed a demand for a jury trial on his modification
petition and served Stephanie with discovery requests. While the trial originally was
scheduled for March 2008, a series of discovery disputes and continuances resulted in the
trial setting's being delayed to August 4, 2008.

 On July 21, 2008, Stephanie filed her "Motion to Transfer, Dismiss, or , Alternatively,
Motion to Abate Proceedings" and alleged three grounds for relief: 1) inconvenient forum
pursuant to section 152.207 of the Texas Family Code; 2) unjustifiable conduct pursuant to
section 152.208 of the Texas Family Code; and 3) abatement or dismissal under the
Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C.A. app. § 501 (West Supp. 2009). See
Tex. Fam. Code Ann. §§ 152.207, 152.208 (Vernon 2008). Stephanie requested that North
Carolina be designated as the appropriate forum. Jeremy filed a response, but neither party
requested an evidentiary hearing on Stephanie's motion.

 On July 30, 2008, the date set for pretrial conference, the trial court announced its
decision on Stephanie's motion. The court stated that it had considered everything the parties
had filed on the matter and reminded counsel that the court had "always had concerns" about
its jurisdiction in this matter. The court further stated that "this Court at best is an
inconvenient forum for the determination of this matter." The court explained that the
current orders concerning the child came from Kentucky, the child and mother reside in
North Carolina, the father resides in Montgomery County, and the child has resided in Texas
"only during the periods of the mother's deployment and periods of visitation, as agreed to
by the parties." The court further concluded that much of the testimony needed would come
from witnesses outside of Texas and that the child's resident state would be the best one to
determine what was in the child's best interest. The court announced that it was declining
to exercise jurisdiction and was abating the case with orders that it proceed in a state of
appropriate jurisdiction. 


 In part, the trial court's order provided:

 The Court finds and determines that it is an inconvenient forum under the
circumstances and that the Court of another state is a more appropriate forum. 
The Court, in declining to exercise jurisdiction, has considered all relevant
factors and the information submitted by the parties on these factors, in
accordance with Section 152.207 of the Texas Family Code.


 The Court, having determined that it is an inconvenient forum and that a court
of another state is a more appropriate forum, STAYS and ABATES all
proceedings upon the condition that a child custody proceeding be promptly
commenced in an appropriate state. It is further ORDERED that a proceeding
be commenced in an appropriate state on or before August 25, 2008.


Jeremy concedes that the trial court did not issue findings of fact or conclusions of law, and
that he did not request any. 

 Jeremy's sole appellate issue contends the trial court erred in finding that Texas was
an inconvenient forum. Jeremy argues that the trial court abused its discretion because there
is a "complete absence of sufficient evidence required to balance the relevant factors that
must be considered when making a determination of inconvenient forum."

Standard of Review


 We review a trial court's decision to decline to exercise jurisdiction as an inconvenient
forum under section 152.207 for abuse of discretion. See Tex. Fam. Code Ann. § 152.207;
Belmonte v. Belmonte, No. 09-07-225 CV, 2008 WL 2057903, at *2 (Tex. App.-Beaumont,
May 15, 2008, no pet.); Hart v. Kozik, 242 S.W.3d 102, 106 (Tex. App.- Eastland 2007, no
pet.). A trial court abuses its discretion when its decision is arbitrary, unreasonable, and
without reference to any guiding rules or principles. Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985). We reverse only when it appears from the record as
a whole that the trial court abused its discretion. See Niskar v. Niskar, 136 S.W.3d 749, 753
(Tex. App-Dallas 2004, no pet.). 

 Applicable Statute


 Family Code section 152.207, which is part of the Uniform Child Custody Jurisdiction
and Enforcement Act, provides that a court with subject matter jurisdiction "may decline to
exercise its jurisdiction" if the court determines that Texas is an inconvenient forum and that
another state is a more convenient forum. Tex. Fam. Code Ann. § 152.207(a) 
("Inconvenient Forum"); Dickerson v. Doyle, 170 S.W.3d 713, 718-19 (Tex. App.-El Paso
2005, no pet.). The trial court may make this determination "at any time," and the issue "may
be raised upon motion of a party, the court's own motion, or request of another court." Tex.
Fam. Code Ann. § 152.207(a). Before the court decides that it is an inconvenient forum, it
"shall consider all relevant factors[.]" (1) Id. § 152.207(b). The statute does not require that
the trial court conduct an evidentiary hearing but requires that the court "allow the parties to
submit information[.]" See id. § 152.207.

 If a Texas court determines that it is an inconvenient forum and that another state
would be a more appropriate forum, the court "shall stay the proceedings upon condition that
a child custody proceeding be promptly commenced in another designated state[,]" and the
court may impose other "just and proper"conditions. Id. § 152.207(c). 

Analysis


 Jeremy argues that there is a "complete absence of sufficient evidence required to
balance the relevant factors" that the trial court was required to consider. Stephanie argues
that the chief factors in this case are the "rights and public policy of our honorable military
members to retain custody of their children after deployment to combat."

 In this case, no findings of fact were requested or filed, and the reporter's record is
incomplete. The reporter's record includes the three-page transcript for the court's
announcement of its decision but omits the transcript for other hearings, including the two-day evidentiary hearing in August 2007.

 When, as is the case here, no findings of fact or conclusions of law were requested or
filed, we imply that the trial court made all of the findings necessary to support its judgment.
See Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990). Further, in an appeal with only
a partial reporter's record, we generally "must presume the omitted portions of the record are
relevant and support the trial court's judgment." In re A.W.P., 200 S.W.3d 242, 244 (Tex.
App.-Dallas 2006, no pet.) (citing Feldman v. Marks, 960 S.W.2d 613,614 (Tex. 1996)). 

 Our Rules of Appellate Procedure, however, provide an exception to this general rule.
See Tex. R. App. P. 34.6(c). An appellant may present an appeal on a partial reporter's
record if he includes in his request for the record a statement of the points or issues he will
present on appeal. Id. 34.6(c)(1). The appellant also must file a copy of the request with the
clerk of the trial court. Id. 34.6(b)(2). If the appellant fails to do so, we presume that the
missing portions of the record support the trial court's judgment. See Bennett v. Cochran,
96 S.W.3d 227, 229 (Tex. 2002).

 The hearing at which the trial court announced its determination to find that it was an
inconvenient forum was not an evidentiary hearing. Both parties, however, had provided
affidavits containing information required by section 152.209 of the Texas Family Code. See
Tex. Fam. Code Ann. § 152.209 (Vernon 2008). Moreover, the trial court was well
acquainted with this case and the parties. As Jeremy's brief stated: "The trial court had
already presided over multiple hearings in this case on various issues, including a 2-day
hearing on temporary orders in August of 2007, hearings regarding discovery disputes, and
hearings on Appellee's motions for continuance."

 The temporary order rendered after the August 2007 evidentiary hearing stated: "A
partial record of the proceedings was duly and properly taken by the court reporter for the
284th District Court. Other record, by stipulation, was taken by electronic video." The
reporter's record of that hearing is not before us. The only reporter's record brought forward
on appeal consists of the three pages containing the trial court's announcement of its decision
on July 30, 2008. 

 In this case, the clerk's record does not contain a request to the court reporter
including a statement of the points for issues to be presented on appeal. Further, the clerk's
certification of the record states that the record contains all documents required by Rule
34.5(a), which would include any statement of points or issues provided by Rule 34.6(c). See
Tex. R. App. P. 34.5(a) ("Contents" of clerk's record), 34.6(c) ("Partial Reporter's Record").
Under these circumstances, we presume the missing portions of the record support the trial
court's ruling. See Bennett, 96 S.W.3d at 229; In re A.W.P., 200 S.W.3d at 245. Based on
the information in the record before us, together with the presumption that the court had
additional information relevant to its decision that it was an inconvenient forum, we cannot
conclude that the trial court abused its discretion in determining that it is an inconvenient
forum. (2)

 Accordingly, we overrule Jeremy's issue and affirm the trial court's ruling.


 AFFIRMED.


 ______________________________

 HOLLIS HORTON

 Justice



Submitted on July 1, 2009

Opinion Delivered July 16, 2009

Before Gaultney, Kreger, and Horton, JJ.
1. The relevant factors include, but are not limited to, the following: 


 (1) whether domestic violence has occurred and is likely to continue in the
future and which state could best protect the parties and the child; (2) the
length of time the child has resided outside this state; (3) the distance between
the court in this state and the court in the state that would assume jurisdiction;
(4) the relative financial circumstances of the parties; (5) any agreement of the
parties as to which state should assume jurisdiction; (6) the nature and location
of the evidence required to resolve the pending litigation, including testimony
of the child; (7) the ability of the court of each state to decide the issue
expeditiously and the procedures necessary to present the evidence; and (8)
the familiarity of the court of each state with the facts and issues in the
pending litigation. 


Tex. Fam. Code Ann. §152.207(b) (Vernon 2008).
2. The trial court's order required that a proceeding be commenced in an appropriate
state on or before August 25, 2008. Stephanie's brief states that a new case was filed in
North Carolina and is "currently ongoing," and Jeremy does not contend otherwise. While
he notes that the trial court's order does not comply with the statute because it failed to
designate a state in which a child custody proceeding was to be promptly commenced, he did
not raise this concern before the trial court. See Tex. Fam. Code Ann.§ 152.207(c) (Vernon
2008). Thus, we need not consider it. See Tex. R. App. P. 33.1(a).