**GENERAL MOTORS CORPORATION,**
**Relator,**

v.

**The Honorable Martha TANNER,**
**Judge, Respondent.**

No. 95–0088.

Supreme Court of Texas.

Feb. 16, 1995.

---

1. Section 15.061 states:

   When two or more parties are joined as defendants in the same action or two or more claims or causes of action are properly joined in one action and the court has venue of an action or claim against any one defendant, the court also has venue of all claims or actions against all defendants....

Ruth Greenfield Malinas, Ryan G. Anderson, Kevin M. Young, San Antonio, for relator.

Scott A. Henderson, Dallas, Martha Tanner, San Antonio, for respondent.

PER CURIAM.

In this original proceeding, Relator General Motors Corporation (GM) seeks a writ of mandamus compelling the trial court to permit it to examine an allegedly defective GM product. A majority of the Court conditionally grants the writ.

Charles Gay filed the underlying personal injury lawsuit following an accident in which his Chevrolet Suburban was rear-ended by another car. He claims that his injuries were caused by, among other things, a defective recliner mechanism in the driver's seat, which allowed the seat to collapse backwards during the accident. Although GM visually inspected and photographed the mechanism, it also requested production of the mechanism so that a model could be made for viewing by a scanning electron microscope (SEM). Gay resisted production, claiming that the SEM protocol, which would require the mechanism to be thoroughly cleaned so that an acetate model could be made, would materially alter the mechanism by changing the condition it was in after the accident.

At the hearing on GM's motion to compel production, GM produced the affidavit of its expert explaining the need for and nature of the SEM examination. Gay did not produce any evidence in response. The trial court refused to compel production. GM seeks mandamus relief directing the trial court to permit the SEM examination.

A party may serve on any other party a request to inspect, sample, test, photograph, or copy any document or object within the scope of discovery. TEX.R.CIV.P. 167(1)(a), 166b. As the party objecting to the request, Gay was required to provide evidence in support of his objection. *State v. Lowry*, 802 S.W.2d 669, 671 (Tex.1991); *Peeples v. The Honorable Fourth Supreme Judicial Dist.*, 701 S.W.2d 635, 637 (Tex.1985); TEX.R.CIV.P. 166b(4).

Gay's substantive objection to the examination by SEM was that the exam would

materially alter the condition of the mechanism, thereby destroying his best evidence of the forces and fractures involved in the accident. *See* Tex.R.Civ.P. 167(1)(g) ("testing or examination shall not extend to destruction or material alteration of an article without notice, hearing, and prior approval by the court"). According to the affidavit of GM's expert, which Gay did not controvert, the SEM exam involves cleaning and degreasing of the mechanism and then creating acetate replicas, which would be viewed with the SEM. The expert swore that no fracture surfaces would be damaged or destroyed, and that without the SEM examination, GM would be limited to a visual examination, which would not reveal whether the part was defective or the extent of damage.

In the absence of evidence that the tests would materially alter or destroy the mechanism, the trial court abused its discretion by refusing to permit GM to conduct the SEM examination. An appeal under these circumstances would be inadequate. Denying GM access to the very part that Gay claims caused his injury effectively denies GM a reasonable opportunity to develop the merits of its defense. *See Walker v. Packer,* 827 S.W.2d 833, 843 (Tex.1992) ("a denial of discovery going to the heart of a party's case may render the appellate remedy inadequate").

Therefore, pursuant to Rule 122 of the Texas Rules of Appellate Procedure, without hearing oral argument, a majority of the Court conditionally grants the writ of mandamus and directs the trial court to permit the SEM examination. The writ will issue only if the trial court refuses to act in accord with this opinion.