**John H. YOUNG and Douglas Park, Relators,**

v.

**The Honorable Elizabeth RAY, Judge of the 165th District Court, Harris County, Texas, Respondent.**

**No. 01–95–01279–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 10, 1995.

Robin C. Gibbs, Paul J. Dobrowski, and Jeffrey C. Alezander, Houston, for Appellants.

Rice Fowler, Docia L. Dalby, D. Rozanne Perkins, and Alex Cosculluela, Houston, for Appellee.

Before O'CONNOR, HUTSON–DUNN and ANDELL, JJ.

**OPINION**

O'CONNOR, Justice.

The issue in this mandamus is whether the relator is entitled to discovery after the real parties in interest waived their objections to discovery. The relators, John H. Young and Douglas Park, a limited partnership, filed a motion for leave to file a petition for writ of mandamus requesting this Court to order Judge Ray to grant all the relief requested in their motion to compel discovery responses. We conditionally grant the relators' petition for writ of mandamus.

The relators (the plaintiffs) sued several insurers and underwriters (the defendants) for bad faith and other claims arising out of two insurance policies. The plaintiffs brought the lawsuit after a judgment was rendered against them in an earlier lawsuit in which the defendants had refused to defend and indemnify them. In the earlier suit, the plaintiffs were sued in Colorado for

the wrongful death of a woman who struck a cow while driving alongside the plaintiffs' property. In October 1994, a court in Colorado rendered a judgment in excess of $2,000,000 against the plaintiffs.

On January 20, 1995,[1] the plaintiffs filed this lawsuit against the defendants. On April 17, the plaintiffs sent the defendants a demand letter for coverage. On April 20, the defendants denied coverage and refused to pay the claim.

On June 20, the plaintiffs deposed Leslie Wilton, a representative of some of the defendants. Wilton testified the defendants denied coverage on the advice of their counsel, the Rice Fowler law firm. Wilton testified that the defendants relied on the investigation made by the law firm to determine that Young, one of the plaintiffs, did not control the Douglas Park Partnership, the other plaintiff. If Young did not control Douglas Park, there was no coverage under the insurance policies. Wilton had no information how the law firm determined that Young did not control Douglas Park.

On August 4, the plaintiffs sent a request for production of documents to the defendants, asking for all documents relating to the assertion that their claims were not covered under the policies. In the requests for documents, the plaintiffs asked for 20 categories of documents.

The defendants' response to the requests for documents was due within 30 days of the request, that is, on September 7. *See* Tex. R.Civ.P. 167(2). The defendants did not respond or object to the plaintiffs' requests for documents within that time.

On September 21, the plaintiffs filed a motion to compel production of all the documents they had requested. On September 28, the defendants responded to the motion to compel and filed late objections to the requests for production of documents. In their response to the motion to compel, the defendants said they had already produced all non-privileged documents in May and June 1995. They asserted that no responses to the requests were necessary because the requests were not "appropriate" ones. The

defendants did not make any argument regarding "good cause" for late objections to the discovery and attached no affidavits.

In their late objections to requests for production of documents, the defendants objected on one or more of the following grounds: the requests were vague, overbroad, unduly burdensome, or invaded one or more the privileges (attorney-client, attorney work product, party communications, witness statement, or consulting expert). The defendants did not file a motion to extend the time to file their late objections to the discovery requests.

The motion to compel was submitted to the trial court on October 10. The hearing was for argument only and no evidence was presented. On October 11, Judge Ray signed an order that granted the motion to compel in part and denied it in part. The defendants were ordered to file complete responses to interrogatories if they had not already done so. The defendants were ordered to produce all documents that were generated before January 20 (the date the suit filed) that related to the policies and the denial of coverage and of the claims. Specifically, the defendants were ordered to produce all documents relating to the lawsuit and denial of coverage, including documents between Rice Fowler (defendants' lawyers) and the defendants and documents relating to the investigation of the plaintiffs' claims. The order denied production of documents generated after January 20. The only issue in this proceeding, therefore, is whether the plaintiffs are entitled to documents generated after January 20.

■ Mandamus relief is available if (1) the trial court clearly abused its discretion or violated a duty imposed by law, and (2) the party seeking relief does not have an adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992); *Scrivner v. Hobson,* 854 S.W.2d 148, 150 (Tex.App.— Houston [1st Dist.] 1993, orig. proceeding). A party does not have an adequate remedy by appeal when the trial court does not allow discovery and the missing discovery is not

---

1. All dates are 1995, unless specified.

part of the appellate record. *Walker,* 827 S.W.2d at 843. This is the case here.

The plaintiffs contend they do not have an adequate remedy by appeal because the trial court's refusal to compel production severely compromises their efforts to present their case. *See id.* The plaintiffs contend they are entitled to documents generated after January 20 to cross-examine the defendants on their "advice of counsel" defense. They contend the defendants waived the attorney-client privilege by asserting the defense of "advice of counsel."

Rule 166b(4) of the Rules of Civil Procedure provides a party waives its objections to discovery if the party does not timely object to discovery. The only exceptions to mandatory waiver are those outlined in the rule. Objections are not waived by a late response if: (1) the parties agree to an extension of time that meets the requirements of rule 11, (2) the court signs an order that extends the time to respond, or (3) the party shows good cause for failing to timely object to the discovery request. *Remington Arms Co. v. Canales,* 837 S.W.2d 624, 626 (Tex. 1992). Inadvertence of counsel does not constitute good cause. *Id.*

The plaintiffs contend Judge Ray abused her discretion by denying part of the motion to compel because the defendants did not meet any exception to rule 166b(4), and therefore, they waived their objections. We agree. There was no rule 11 agreement extending the defendants' deadline for discovery, the trial court did not extend the deadline, the October 11th order does not show the trial court found good cause, and the record does not show good cause.

If the defendants had shown good cause, Judge Ray could have denied the motion to compel. The October 11th order provides that the trial court granted the motion in part after hearing the arguments of counsel. There is no statement of facts from the hearing and no affidavit or other evidence attached to the defendants' response to the motion to compel. The plaintiff's counsel filed an affidavit with this Court, stating the defendants did not present evidence at the hearing and for that reason it was not re-

corded. *See Walker,* 827 S.W.2d at 837 n. 3 (relator discharges burden by filing affidavit that no evidence presented to trial court); *Barnes v. Whittington,* 751 S.W.2d 493, 495 (Tex.1988). In short, the plaintiffs established the defendants did not show good cause in the trial court for failing to timely respond to the discovery requests. The only "good cause" the defendants attempted to show was that the requests, on their face, did not deserve answers.

The plaintiffs also point out that if Judge Ray had found good cause, she would not have required the defendants to produce attorney-client or other privileged documents generated before January 20.

The defendants take the position a party is not required to respond to a discovery request that on its face is improper. They called this a "good cause per se" rule. The defendants claimed they established good cause per se because the plaintiffs' requests for documents were improper in that they asked for the production of documents that are privileged. Thus, the defendants reason, they were not required to object to them.

The defendants' position clearly is not the law. If it were, rule 166b(4) would be rendered meaningless. Rule 166b(4) allows a party to object to discovery requests *because* they are improper. The objection puts the requesting party on notice that the discovery will not be produced, unless the discovery request is rewritten or the trial court rules on the merits of the objection.

The defendants rely on *Texaco v. Sanderson,* 898 S.W.2d 813, 815 (Tex.1995), to support their "good cause per se" rule. In *Texaco,* the defendants objected to a discovery request because the request was a "fishing expedition" and overbroad. *Id.* at 814. The trial court ordered the defendants to produce the documents requested. The defendants asked the trial court to reconsider its ruling, but the trial court declined. The defendants also asserted claims of privilege, which the trial court ruled were waived. *Id.*

The Supreme Court held the discovery request was well outside the bounds of proper discovery, and therefore, the trial court's ruling requiring production of documents was

a clear abuse of discretion. *Id.* The Court held the defendants were not required to assert their claims of privilege when they lodged their initial objection because the request was not appropriate; the Court said the defendants could assert their claims of privilege after the plaintiffs made a proper discovery request. *Id.*

*Texaco* is clearly distinguishable from this case. Unlike the defendants in Texaco, the defendants here did not file timely objections that the requests were improper. Because they did not timely object, they waived the objections that the requests were improper. *Texaco* holds that if the initial request is too broad, it is impossible for the party who objects to overbreadth to also specify each privilege that might attach to the documents that it might be required to produce. Essentially, it is a two-step procedure to object to a discovery request on grounds of overbreadth and to assert privileges. First the party must make a timely objection on grounds of overbreadth. Second, once the trial court determines the appropriate breadth of discovery, the party must be given a chance to assert its privileges.

The plaintiffs sought documents involving the defendants' decision to deny coverage and their investigation leading up to that decision. In their mandamus petition, the plaintiffs acknowledge the defendants formally denied coverage on April 20. Without addressing the plaintiffs' advice of counsel defense, we find that, from this record, the plaintiffs are entitled to the documents they sought in their requests for production, that is, documents relating to the defendants' decision to deny coverage.

We conditionally grant the petition for writ of mandamus and direct Judge Ray to grant the plaintiffs' motion to compel any documents generated between January 20 and April 20. A writ will issue only in the event Judge Ray does not comply with our opinion.