6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00036-CV
______________________________

 
IN RE: PILGRIM'S PRIDE CORPORATION




                                                                                                                                                             

Original Mandamus Proceeding





                                                                                                                                                             
                          


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter



MEMORANDUM OPINION

            Pilgrim's Pride Corporation has petitioned this Court for a writ of mandamus. Pilgrim's seeks
an order directing the trial court, the Fifth Judicial District Court in Bowie County, to compel
production of documents to Pilgrim's. 
            In 2005 PPR & M, Inc., filed a suit on a sworn account against Pilgrim's. The suit alleged
that Pilgrim's had failed to pay invoices for services rendered by PPR & M. Pilgrim's filed a
counterclaim alleging fraud, payment, offset, and other claims and defenses. Pilgrim's alleges that
it is entitled to mandamus relief because the trial court was required to order PPR & M to disclose
certain documents concerning communications or transactions between PPR & M and certain third
parties. The trial court has previously ordered PPR & M to produce certain of those requests.


 The
answers in part were that PPR & M did not have possession of or access to some of the documents. 
            The Texas Supreme Court recognizes certain principles for appellate courts to consider when
deciding whether mandamus should issue. With respect to matters involving the factual findings
which are discretionary by the trial court, the appellate courts should defer and should not substitute
their own judgment for that of the trial court. The movant must establish that the trial court could
have come to only one decision. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). On the other
hand, review of a trial court's determination of the legal principles controlling its ruling is much less
deferential. A trial court has no discretion in determining what the law is or applying the law to the
facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an
abuse of discretion and may result in appellate reversal by extraordinary writ. Id. A primary
limitation of the issuance of a writ of mandamus is that the movant must prove there is no adequate
remedy on appeal. Id. That may be shown by proving (1) an appellate court cannot cure the error,
(2) a party's ability to present a claim or defense will be vitiated or severely compromised, or (3) the
trial court disallowed discovery and the discovery cannot be made a part of the appellate record. Id.
at 843–44. 
            Pilgrim's argues that the trial court abused its discretion in sustaining any of PPR & M's
discovery objections, and such refusal severely impairs Pilgrim's ability to present viable defenses
and its counterclaims. 
            From the record before us, it appears that the parties engaged in discovery in preparation for
trial. Indeed, the case was set for trial at least once and was stayed by this Court in a previous
request for mandamus relief. In February 2006, after being denied all the relief it sought in a motion
to compel production, Pilgrim's obtained an emergency stay from this Court. We denied mandamus
relief because the record was inadequate to support the requested relief. In re Pilgrim's Pride Corp.,
187 S.W.3d 197 (Tex. App.—Texarkana 2006, orig. proceeding).
            On February 28, 2006, the trial court granted Pilgrim's motion to compel discovery, ordering
PPR & M to produce many of the items sought by Pilgrim's (see footnote 1). After that, Pilgrim's
issued more discovery requests, and now claims PPR & M has failed to supply these documents. 
This claimed failure on the part of PPR & M led to Pilgrim's requesting a second continuance, which
the trial court denied. Pilgrim's has filed this request for mandamus relief. Pilgrim's prayer for relief
asks us to order the trial court to compel production of documents and information withheld by
PPR & M. 
            In asserting that it is entitled to mandamus relief, Pilgrim's relies on Gen. Motors Corp. v.
Tanner, 892 S.W.2d 862 (Tex. 1995). There, the plaintiff failed to produce an alleged defective
recliner mechanism for testing by General Motors. No explanation was given for such refusal. In
that case, the item was clearly in the possession of the nonproducing party, and he offered no reason
as to why it should not be produced. 
            Pilgrim's further relied on Able Supply v. Moye, 898 S.W.2d 766 (Tex. 1995). In that case,
the plaintiffs refused to answer interrogatories requesting the names of the doctors who determined
the injuries resulted from exposure to the defendant's product. Once again, that information was
readily available to the plaintiffs and was simply purposely withheld. 
            First, we note that there is a dispute about what, if any, of the information Pilgrim's seeks is
actually in the possession of PPR & M. PPR & M argues that it does not have such information
since the City of New Boston took possession of its facility and it no longer had possession of the
contents of the building, including computers. Also some of the persons with access to some
information or documents are no longer employed by PPR & M. The trial court conducted at least
two hearings on these issues. No record has been presented to us concerning the facts presented at
the hearings. After the last hearing, the trial court denied further discovery requests. In absence of
the record of the hearing, we cannot conclude that the trial court abused its discretion in refusing to
order additional discovery. The record shows that the trial court previously ordered these records
to be produced by PPR & M; PPR & M answered that it did not have possession of such records. 
Pilgrim's now argues that PPR & M had possession or custody of the records because it had a right
to physical possession of the records that is equal to or superior to the person who has physical
possession of the items. See Tex. R. Civ. P. 192.7(b). However, without a record, we cannot
determine that the trial court was required to agree with that proposition. In this posture, we cannot
conclude that the trial court could have only come to one decision. 
            Further, we are not convinced that Pilgrim's will be deprived of its ability to present its
defenses and counterclaims. Apparently, other parties in the surrounding area may have physical
possession of these items. Pilgrim's acknowledges that it has served discovery requests on
"PPR & M's bank, accountants, its former employee in charge of accounts payable, and the City of
New Boston." The certificate of service on the request for production of documents sent to Hibernia
Bank indicates it was sent March 24, 2006. The request for production of documents to the City of
New Boston was sent March 23, 2006. 
            Information derived from this additional discovery should allow Pilgrim's to present its
defenses and counterclaims. If PPR & M does not have physical or constructive possession of the
needed documents, we are confident that the trial court will authorize the discovery from third parties
that is necessary to allow both parties to present their claims and counterclaims.
            Mandamus is denied. The stay of these proceedings, previously entered, is withdrawn.
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          May 17, 2006
Date Decided:             May 18, 2006