# NO. 12-13-00182-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MARATHON OIL (EAST TEXAS) L.P.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Marathon Oil (East Texas) L.P. seeks mandamus relief from the trial court's orders denying its motion for continuance and granting the motion of the real party in interest, Lillie Mae Williamson, to quash Marathon's deposition of the corporate representative of Blue Ridge Group, Inc.[1] We conditionally grant the petition.

## BACKGROUND

This case arose as a suit by Williamson to remove an oil and gas lease as a cloud on her title.

Williamson is the owner of 152.125 acres in Shelby County. On February 3, 1997, Williamson executed an oil and gas lease on the 152.125 acres to Marathon Oil Company for a primary term of five years. On November 12, 1999, Marathon Oil Company executed an assignment and quitclaim of the lease to Marathon Oil (East Texas) L.P. Shortly before the end of the primary term, a well (the Savell 2-H) was successfully completed on a nearby property. On January 23, 2002, Blue Ridge Group executed a declaration of a pooled unit for the Savell 2-H well. The declaration included in the unit an unspecified 12.5 acres out of Williamson's 152.125 acres. Williamson executed a division order and for several years received the royalty

---

[1] The respondent is the Honorable Charles R. Mitchell, Judge of the 273rd Judicial District Court, Shelby County, Texas.

payments to which her fractional 12.5 acre interest in the pooled unit entitled her. Then Williamson received an offer to lease her 152.125 acres for $155,000. However, when the prospective lessee discovered Marathon's claim, it withdrew the offer.

On January 12, 2010, Williamson initiated this suit, originally seeking only to remove the Marathon lease as a cloud on her title. Marathon filed its Original Answer and Counterclaim asserting various affirmative defenses including statute of limitations, waiver, estoppel, and ratification, along with a counterclaim to remove Williamson's claim as a cloud on Marathon's title. In subsequent petitions, Williamson asserted additional claims for common law and statutory fraud, securing execution of a document by deception, and slander of title.

In March 2013, the trial court set the case for trial on June 3, 2013. The case was subject to the default level II discovery control deadlines under which the discovery period ended on March 26, 2011.

On April 25, 2013, Marathon filed its Third Amended Original Answer alleging additional affirmative defenses to Williamson's claims. On May 9, 2013, twenty-five days prior to the scheduled trial date, Williamson filed her Second Supplemental Petition and Second Amended Original Answer pleading for the first time (1) statute of frauds, (2) unclean hands, (3) release, (4) waiver, and (5) estoppel. She also added claims for rescission and disgorgement of Marathon's profits from the lease.

On May 17, 2013, the trial court heard and denied Marathon's motion to strike Williamson's newly asserted claims and defenses. Subsequently, on the same date, the trial court denied Marathon's motion for continuance that it sought in order to pursue discovery relevant to Williamson's new claims and defenses. On the afternoon of the same day, Marathon noticed the deposition of the corporate representative of Blue Ridge Group, necessary, it claimed, to prepare to defend against Williamson's new claims and defenses. The trial court granted Williamson's motion to quash the deposition on May 20, 2013.

On May 24, 2013, Marathon filed its petition for writ of mandamus requesting that we direct the respondent trial judge to vacate his May 17, 2013 order denying Marathon's motion for continuance and that we direct the trial court to continue the trial setting for at least sixty days allowing Marathon to conduct discovery relevant to the newly asserted claims and defenses. On May 31, 2013, we granted an emergency stay of the trial court proceedings pending our disposition of Marathon's petition.

Mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998); *see also In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 135-36 (Tex. 2004).

The denial of a motion for continuance is ordinarily not reviewable by mandamus. *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 477 (Tex. 1997). However, an exception to the general rule applies when other errors are present that are reviewable by mandamus. *Id*.

In *Walker v. Packer*, the Supreme Court of Texas noted that, in the discovery context, there are at least three situations where a remedy by appeal may be inadequate and review by mandamus appropriate. 827 S.W.2d 833, 843 (Tex. 1992). Two of those situations are present here. First, "an appeal will not be an adequate remedy where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error." *Id*. Accordingly, mandamus is appropriate if a defendant has been denied a reasonable opportunity to develop the merits of its defense. *See Gen. Motors Corp. v. Tanner*, 892 S.W.2d 862, 863 (Tex. 1995). Second, remedy by appeal may also be inadequate where the trial court disallows discovery that cannot be made a part of the appellate record, effectively precluding review of the trial court's error. *Walker*, 827 S.W.2d at 843. Because either of those situations renders an appeal inadequate, we focus solely on whether the trial court abused its discretion. .

**ABUSE OF DISCRETION**

In this case, Marathon sought a continuance to pursue discovery relevant to Williamson's claims and defenses first alleged within twenty-five days of trial.

A trial court must allow additional discovery when the pleadings are amended or supplemented, or new information is disclosed in a discovery response, and the movant shows (1) the pleadings or responses were made after or so near the deadline for discovery (2) that the adverse party does not have an adequate opportunity to conduct discovery related to the new matters (3) and would be unfairly prejudiced without the additional discovery. TEX. R. CIV. P. 190.5(a).

Williamson brought suit over three years ago. Governed by level II discovery deadlines, the discovery period ended in March 2011. It was not until twenty-five days before trial that she pleaded numerous claims and defenses for the first time. Marathon's motion to strike the new claims and defenses was denied as was its motion for continuance. The trial court then quashed the noticed deposition of Blue Ridge, which Marathon claims is necessary to meet Williamson's statute of frauds claim. Marathon insists that a continuance was mandated by Rule 190.5(a) so that it might conduct discovery relevant to the newly asserted claims and defenses.

Marathon contends that it needs to take a supplemental deposition of Williamson or her representative regarding her new allegations. Marathon also contends it is critical that it be allowed to depose Blue Ridge to obtain evidence in support of its estoppel and partial and full performance defenses to Williamson's recently raised statute of frauds allegations. Finally, Marathon claims it needs to depose Russell Vera, who was the president of Fortune Operating Company at the time it assigned its interest in the Savell 2-H well to Blue Ridge.

A defendant is only required to meet the plaintiff's case as pleaded. *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 355 (Tex. 1995). A defendant is "not required to guess what unpleaded claims might apply and negate them." *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006). Twenty-five days before trial, Williamson pleaded, for the first time, statute of frauds, release, waiver, estoppel, rescission, and disgorgement of profits. Rule 190.5 says the trial court must allow additional discovery in such circumstances if the trial court believes the adverse party would be unfairly prejudiced without such discovery. It is difficult to apprehend how Marathon could properly prepare to meet Williamson's new theories of recovery and defenses if denied adequate time to pursue pertinent discovery. Our rules do not require that Marathon foresee what claims and defenses Williamson might plead and undertake costly and wasteful discovery to confront legal theories never pleaded. In denying Marathon's motion for continuance and in quashing the Blue Ridge deposition, the trial court effectively foreclosed Marathon's opportunity to conduct discovery necessary to meet the newly pleaded allegations. Therefore, the trial court's rulings constitute an abuse of discretion.

## CONCLUSION

The trial court abused its discretion in denying Marathon's motion for continuance and quashing the Blue Ridge deposition. Because Marathon's ability to present a viable defense at

4

trial has been vitiated or severely compromised, and the disallowed discovery cannot be made a part of the appellate record, appeal is an inadequate remedy. *See **Walker***, 827 S.W.2d at 843. Accordingly, we ***conditionally grant*** Marathon's petition for writ of mandamus and direct the trial court to vacate its order of May 17, 2013 denying Marathon's motion for continuance. We further direct the trial court to issue an order granting the motion and continuing the trial setting for at least sixty (60) days from the date of the order to allow Marathon to conduct discovery. We are confident that the trial court will promptly comply with this opinion and the corresponding order. The writ will issue only if the trial court fails to do so ***within ten (10) days of the date of this opinion and order.*** The trial court shall furnish this court, within the time for compliance with this court's opinion and order, a certified copy of its order evidencing such compliance. This court's stay is ***lifted***.

### BILL BASS
Justice

Opinion delivered August 7, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# <u>ORDER</u>

**AUGUST 7, 2013**

**NO. 12-13-00182-CV**

**MARATHON OIL (EAST TEXAS) L.P.,**
Relator
v.
**HON. CHARLES R. MITCHELL**,
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **MARATHON OIL (EAST TEXAS) L.P.**, who is the relator in Cause No. 10CV30,899, pending on the docket of the 273rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on May 24, 2013, and the same having been duly considered, because it is the opinion of this Court that the petition is meritorious, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby ***conditionally granted***.

And because it is further the opinion of this court that the trial judge will act promptly and vacate his order of May 17, 2013, denying Marathon's motion for continuance, and issue an order granting the motion and continuing the trial setting for at least sixty (60 days from the date of the order, the writ will not issue unless the Honorable Charles R. Mitchell, Judge of the 273rd Judicial District Court fails to comply with this court's opinion and order within ten (10) days from the date of this order.

It is further ORDERED that **LILLIE MAE WILIAMSON** pay all costs incurred by reason of this proceeding**.**

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired, J.,*
*Twelfth Court of Appeals, sitting by assignment.*