ACCEPTED
01-15-00581-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/28/2015 9:29:23 AM
CHRISTOPHER PRINE
CLERK

# No. 01-15-00581-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
7/28/2015 9:29:23 AM
CHRISTOPHER A. PRINE
Clerk

**In the First Court of Appeals**

**Houston, Texas**

---

*In re* **CAROLYN FROST KEENAN**
**Relator**

---

*On Petition for Writ of Mandamus from the*
*133rd District Court of Harris County, Texas*

---

**MOTION FOR REHEARING**
**AND REHEARING *EN BANC***

---

DYLAN B. RUSSELL
State Bar No. 24041839
PAUL A. PILIBOSIAN
State Bar No. 24007846
HOOVER SLOVACEK LLP
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: (713) 977-8686
Facsimile: (713) 977-5395
Email: russell@hooverslovacek.com
Email: pilibosian@hooverslovacek.com

**COUNSEL FOR RELATOR,**
**CAROLYN FROST KEENAN**

# IDENTITY OF PARTIES AND COUNSEL[1]

**Relator:**

Carolyn Frost Keenan (Defendant and Counter-Plaintiff below and hereinafter "Relator" or "Keenan")

**Counsel for Relator:**

Dylan B. Russell
State Bar No. 24041839
Paul A. Pilibosian
State Bar No. 24007846
HOOVER SLOVACEK LLP
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: (713) 977-8686
Facsimile: (713) 977-5395
Email: russell@hooverslovacek.com
Email: pilibosian@hooverslovacek.com

---

[1] Relator includes the Identity of Parties and Counsel section in this motion only to identify new lead appellate counsel for Relator.

# TABLE OF CONTENTS

Page No.

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

REHEARING ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

REHEARING ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ISSUE 1:   The trial court's refusal to permit Keenan to "copy" or disclose to "anyone else" the contents of the ballots, after initially allowing Keenan's counsel to inspect them, is arbitrary and unreasonable (an abuse of discretion) since the fundamental issue in the case, the validity of the Amendment, hinges on the number of approval ballots, a fact that Keenan's counsel: (1) cannot testify about without violating the trial court's order; and (2) should not be forced testify about per Rule 3.08 of the Texas Disciplinary Rule of Professional Conduct, which "prohibits the lawyer from acting as both an advocate and a witness in an adjudicatory proceeding". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ISSUE 2:   Keenan does not have an adequate remedy on appeal: (1) because without being able to offer into evidence during trial the ballots or their contents, Keenan cannot present such facts for appellate review ; and (2) because Keenan and the court system will waste time and money by forcing the parties to try a case—that will eventually be retried upon reversal—without such key evidence being presented.. . . . . . . . . . 11

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF COMPLIANCE WITH RULE 9.. . . . . . . . . . . . . . . . . . . . . 15

# INDEX OF AUTHORITIES

**Cases:**                                                          **Page No.**

*Aghili v. Banks*, 63 S.W.3d 812 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Batey v. Droluk*, No. 01-12-01058-CV, 2014 Tex. App. LEXIS 3979 (Tex. App.—Houston [1st Dist.] Apr. 10, 2014, no pet.). . . . . . . . . . . . . . . . . . . . . . 6

*B&W Supply, Inc. v. Beckman*, 305 S.W.3d 10 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Duncan v. Dominion Estates Homeowners Ass'n*, No. 01-09-01086-CV, 2011 Tex. App. LEXIS 6274 (Tex. App.—Houston [1st Dist.] Aug. 11, 2011, no pet.). . . . . . 7

*Gen. Motors Corp. v. Tanner*, 892 S.W.2d 862 (Tex. 1995). . . . . . . . . . . . . . . . . 8

*Gillebaard v. Bayview Acres Ass'n*, 263 S.W.3d 342 (Tex. App.—Houston [1st Dist.] pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Allstate County Mut. Ins. Co.*, 447 S.W.3d 497 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*In re Baytown Nissan, Inc.*, 451 S.W.3d 140 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Brewer Leasing, Inc.*, 255 S.W.3d 708, 712 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Ching*, 32 S.W.3d 306 (Tex. App.—Amarillo 2000, orig. proceeding). . . . . . 12

*In re Sanders*, 153 S.W.3d 54 (Tex. 2004) (per curiam). . . . . . . . . . . . . . . . . . . 10

*In re Shifflet*, No. 01-14-00929-CV, 2015 Tex. App. LEXIS 1963 (Tex. App.—Houston [1st Dist.] Mar. 3, 2015, orig. proceeding) . . . . . . . . . . . . . . . . . . . 9

*Lackshin v. Touchy*, No. 01-90-00972-CV, 1990 Tex. App. LEXIS 3088, (Tex.

App.—Houston [1st Dist.] Dec. 20, 1990, orig. proceeding) (per curiam) (not designated for publication). ... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Walker v. Packer*, 827 S.W.2d 833 (Tex. 1990). .. . . . . . . . . . . . . . . . . . . . . 11-12

*Young v. Ray*, 916 S.W.2d 1 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding) . ... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*He v. Jiang*, No. 01-06-00255-CV, 2007 Tex. App. LEXIS 6281 (Tex. App.—Houston [1st Dist.] Aug. 9, 2007, no pet.). . . . . . . . . . . . . . . . . . . . . 12-13

**Statutes/Rules:**

TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(A), *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G app. A (TEX. STATE BAR R. art. X, § 9). . . . . . . . . . . . . . . . . . . . . . 10

TEX. PROP. CODE ANN. § 204.005(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# REHEARING ISSUES PRESENTED

ISSUE 1:    The trial court's refusal to permit Keenan to "copy" or disclose to "anyone else" the contents of the ballots, after initially allowing Keenan's counsel to inspect them, is arbitrary and unreasonable (an abuse of discretion) since the fundamental issue in the case, the validity of the Amendment, hinges on the number of approval ballots, a fact that Keenan's counsel: (1) cannot testify about without violating the trial court's order; and (2) should not be forced testify about per Rule 3.08 of the Texas Disciplinary Rule of Professional Conduct, which "prohibits the lawyer from acting as both an advocate and a witness in an adjudicatory proceeding."

ISSUE 2:    Keenan does not have an adequate remedy on appeal: (1) because without being able to offer into evidence during trial the ballots or their contents, Keenan cannot present such facts for appellate review ; and (2) because Keenan and the court system will waste time and money by forcing the parties to try a case—that will eventually be retried upon reversal—without such key evidence being presented.

## STATEMENT OF FACTS

On January 24, 2014, ROPO filed a lawsuit against Keenan. (CR1-0010). The lawsuit seeks injunctive relief to force Keenan to remove certain improvements on her property[2] based on limitations in an amended deed restriction ("Amendment")[3] that Keenan claims is invalid, not having received the 75 percent approval required under the Texas Property Code. (CR009). In addition to injunctive relief, the lawsuit also seeks declaratory relief, damages, including statutory damages, and attorney's fees. (CR9-10).

On June 24, 2014, Keenan filed her Amended Answer and Original Counterclaim, which asserted generally that the Amendment was "not properly enacted," is "invalid," and is "unenforceable." (CR124-32). On November 24, 2014, Keenan filed her Supplemental Counterclaim, which similarly claimed that the Amendment was not valid. (CR133-38). More specifically, Keenan alleged, as follows:

Defendant disputes that 75% of the owners of the majority of square footage in Sections 1 through 6 of River Oaks consented to the Invalid

---

[2] The property located at 2940 Chevy Chase Drive in Houston, Texas (the "Property")

[3] The subject alleged deed restriction is entitled the Amendments to Reservations, Restrictions and Covenants Applicable to All Properties Located within River Oaks Additions, Including Tall Timbers Section and Country Club Estates Addition, which were filed by ROPO of record with the Harris County Clerk on June 2, 2006 under File No. Z346431 (the "Improper Amendment") (CR 51-85).

-1-

Amendment.

(CR133-38).

Notably, on December 18, 2014, ROPO filed a supplement to its traditional and no-evidence motion for summary judgment. (CR280-88). In the supplement, ROPO made the following argument in response to Keenan's claim that the Amendment was unenforceable because the required 75% approval was not met:

> Defendant's last effort to challenge the Amended Restrictions is her baseless claim that 75 percent of the square footage owners of property in Sections 1 through 6 of River Oaks did not vote in favor of the Amended Restrictions. As discussed above, a section-by-section vote is not required. Moreover, as reflected in Exhibit C to the Certification, Gary Mangold (the General Manager of ROPO) and Marvin Nathan (of the Nathan Sommers Jacobs law firm) attested under oath that **over 75 percent of the owners of real property in River Oaks approved the Amended Restrictions by ballot vote**. (See Exhibit 2 at Exhibit C). **Defendant has no evidence to the contrary**. Therefore, her challenges to the Amended Restrictions should be dismissed.

(CR284) (emphasis added). Thus, instead of relying on the actual ballots to prove that the Amendment was valid and enforceable, a certification was provided claiming that the 75% minimum threshold was met. (CR 627-28). Similarly, ROPO never filed of record any of the ballots with the Amendment. Instead, the certification merely stated that the "Ballots are and will be kept in the files of" ROPO. (CR 627).

In order to overcome ROPO's position that the 75% minimum threshold had

been met, Keenan sent discovery to ROPO that it produce "all documents consisting of executed Ballots collected by Plaintiff regarding" the Amendment. (CR 247). On October 29, 2014, ROPO served objections and responses to Keenan's discovery and objected to producing these documents on the basis that such were confidential, privileged, and irrelevant. (CR 244-47). ROPO made this claim even though it subsequently filed one of the alleged ballots in support of its Motion for Summary Judgment. (CR 280-89).

On November 10, 2014, Keenan filed a Motion to Compel ROPO to produce the ballots as well as other discovery. (CR 139-73). In response, ROPO again claimed that the ballots were privileged and confidential, among other arguments. (CR 182-83).

On November 24, 2014, the trial court conducted an oral hearing on Keenan's Motion to Compel. (CR 264). At the hearing, the trial court made a number of verbal rulings partially granting Keenan's Motion but did not enter a written order. (CR 264). Afterwards, the parties could not agree on what rulings the trial court made at the hearing. (CR 264). On January 7, 2015, therefore, the parties filed a Joint Motion for Clarification of Rulings on Defendant's Motion to Compel. (CR 264-65).

On January 27, 2015, the trial court granted Keenan's Motion to Compel but in a written order set out numerous significant restrictions regarding the ballots, as

follows:

> It is ORDERED that River Oaks Property Owners, Inc. shall respond to Defendants Request for Production No. 1 by making the Ballots for the 2006 Amendments to the Deed Restrictions available for inspection by Defendant's counsel in ROPO's storage room where the Ballots are kept in ROPO's ordinary course of business. **The Ballots** are to remain confidential and **are only to be reviewed by Defendant's counsel**. **The contents of the Ballots are not to be disclosed to anyone else** without further order from the Court. Defendant, her counsel, agents, and representatives are expressly prohibited from contacting the voters identified in the Ballots in any way regarding their vote. **Defendant shall not copy, photograph**, modify, remove or otherwise alter **the Ballots**.

(CR266) (emphasis added).

Subsequently, Keenan's counsel inspected the ballots. (CR 270). Because he could not share the outcome of that inspection with "anyone," Keenan filed a second Motion to Compel Production of Ballots ("Motion for Ballots") on May 21, 2015. (CR. 268-407). In the Motion for Ballots, Keenan specifically requested the following relief:

> Defendant asks that the Court remove the restrictions on the Defendant's ability to use the Ballots so that Defendant can adequately defend herself and prosecute her claims in this lawsuit.
> . . .
> Defendant respectfully requests that the Court amend the [January 27, 2015] Order and require Defendant to produce the Ballots without restraints.

(CR272).

On June 1, 2015, the trial court conducted an oral hearing on the Motion for

Ballots. (CR 440). At the hearing, the trial court stated that it would not allow Keenan to obtain copies of the ballots "at this point." (CR 462). The trial court also stated that it "very well may let [Keenan] subpoena them to trial at that point. But I'm not going to turn them over to [Keenan] at this point." (CR 461).

Most significantly, however, the trial court's written order denied the Motion for Ballots, (CR437) leaving in place the restrictions set forth in the January 15, 2015 order, (CR266), as follows:

- that the Ballots were "only to be reviewed by [Keenan]'s counsel";

- that the contents of the Ballots would "not to be disclosed to anyone else"; and

- that the "[Keenan] shall not copy, [or] photograph . . . the Ballots."

(CR 437). As soon as Keenan obtained a copy of the order and the hearing transcript for the June 1, 2015 hearing, Keenan filed her petition for writ of mandamus. On July 21, 2015, this Court, without explanation, denied the petition in a one-page memorandum opinion. This motion for rehearing and rehearing en banc followed.

**ISSUE 1:** The trial court's refusal to permit Keenan to "copy" or disclose to "anyone else" the contents of the ballots, after initially allowing Keenan's counsel to inspect them, is arbitrary and unreasonable (an abuse of discretion) since the fundamental issue in the case, the validity of the Amendment, hinges on the number of approval ballots, a fact that Keenan's counsel: (1) cannot testify about without violating the trial court's order; and (2) should not be forced testify about per Rule 3.08 of the Texas Disciplinary Rule of Professional Conduct, which "prohibits the lawyer from acting as both an advocate and a witness in an adjudicatory proceeding."

ROPO has sued Keenan for breach of a contract (the Amendment) and seeks damages, attorney's fees, and injunctive relief. (CR1-0010). It goes without saying that in order to prove breach of contract, a plaintiff must prove "the existence of a valid contract." *B&W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 16 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The moment Keenan asserted a general denial to ROPO's breach of contract claim, ROPO had the burden of proof at trial to establish the validity of the Amendment. *See Batey v. Droluk*, No. 01-12-01058-CV, 2014 Tex. App. LEXIS 3979, at *15-16 (Tex. App.—Houston [1st Dist.] Apr. 10, 2014, no pet.) (stating " a general denial . . . puts the claims of the plaintiff 'in issue,' placing the burden on the plaintiff to establish liability"). Simply put, "[a] party seeking to enforce a deed restriction has the burden of proof at trial to show that the restrictions are valid and enforceable." *Gillebaard v. Bayview Acres Ass'n*, 263 S.W.3d 342, 347 (Tex. App.—Houston [1st Dist.] pet. denied). Moreover,

-6-

this Court has noted that "[c]ovenants restricting the free use of land are not favored." *Duncan v. Dominion Estates Homeowners Ass'n*, No. 01-09-01086-CV, 2011 Tex. App. LEXIS 6274, at *15 (Tex. App.—Houston [1st Dist.] Aug. 11, 2011, no pet.).

In addition to generally denying ROPO's claim, Keenan also counterclaimed asserting that the Amendment was "not properly enacted," "invalid," and "unenforceable" because Keenan disputed "that 75% of the owners of the majority of square footage in Sections 1 through 6 of River Oaks consented to the Invalid Amendment." (CR124-38). ROPO disputed Keenan's counterclaim and in a summary judgment claimed that "over 75 percent of the owners" approved the Amendment and that Keenan had "no evidence to the contrary." (CR284).

Simply put, the **<u>fundamental</u>** disputed fact in the lawsuit is the validity of the Amendment, which depends on whether 75 percent of the applicable owners approved it. But so long as the trial court's January 27, 2015 remains in place, ROPO is right about one thing: Keenan has "no evidence to the contrary," or at least that it can share with the factfinder at trial. (CR284).

Although most mandamus cases involving discovery, including those by this Court, deal with improper orders <u>compelling</u> discovery,[4] different panels of this Court

---

[4] *E.g., In re Brewer Leasing, Inc.*, 255 S.W.3d 708, 712, 715-16 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding) (granting in part and denying in part petition for writ of mandamus of order compelling production of financial records that were relevant to the issue of punitive damages).

have issued mandamus relief when lower courts prevented a party from obtaining clearly relevant discovery.

For example, in *Lackshin v. Touchy*, this Court issued conditional mandamus relief when the lower court refused to compel the production of records relevant to the net worth of the defendant for purposes of establishing exemplary damages. No. 01-90-00972-CV, 1990 Tex. App. LEXIS 3088, at *1-7 (Tex. App.—Houston [1st Dist.] Dec. 20, 1990, orig. proceeding) (per curiam) (not designated for publication). Specifically, this Court noted that "[s]ince relators' pleadings support a claim for punitive damages, relators were entitled to discover the net worth of the real parties in interest." *Id.* at *6.

In *Young v. Ray*, this Court issued conditional mandamus relief when the trial court refused to compel production of documents relating to why the insurance company denied coverage, which was relevant to the issue of the plaintiff's claim for bad faith. 916 S.W.2d 1, 1-3 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding). Specifically, this Court held that "the plaintiffs are entitled to the documents they sought in their requests for production, that is, documents relating to the defendants' decision to deny coverage." *Id.* at 4.

Similarly, in *Gen. Motors Corp. v. Tanner*, the Texas Supreme Court issued conditional mandamus relief when the trial court refused to permit allow the

defendant to inspect the car part that was alleged to have caused the plaintiff's injury. 892 S.W.2d 862, 863 (Tex. 1995). The Court noted that "[d]enying GM access to the very part that Gay claims caused his injury effectively denies GM a reasonable opportunity to develop the merits of its defense." *Id.* at 864. Importantly, as would be relevant in this case, the Court noted that the discovery rules permit a party to "copy any document . . . within the scope of discovery." *Id.* at 863.

Here, there is no rational basis to prevent Keenan from copying the ballots and revealing their contents at trial, particularly when the trial court seemingly concluded that the documents were relevant enough to permit Keenan's counsel to review them. But without the ballots and without being able to reveal their contents, counsel's inspection itself does nothing to help Keenan prosecute her counterclaims and otherwise defend against ROPO's claims against her. The January 27, 2015 order, and the June 1, 2015 order refusing to vacate or amend it, are arbitrary and unreasonable. *See In re Shifflet*, No. 01-14-00929-CV, 2015 Tex. App. LEXIS 1963, at *13 (Tex. App.—Houston [1st Dist.] Mar. 3, 2015, orig. proceeding) (stating "[a] clear abuse of discretion occurs when a trial court 'reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law'").

Although, *arguendo*, Keenan may have some evidence about the ballots and their contents in the form of her counsel's notes and recollection having reviewed

them, but under the current rulings, Keenan's counsel cannot "disclose[] to anyone else" what the ballots show through trial testimony nor can Keenan "copy" the ballots so they can offered into evidence at trial. (CR 437).

Moreover, even if Keenan's counsel testified a trial regarding his understanding of what the ballots showed, in violation of the trial court's January 15, 2015 order, Keena's counsel would also violate Rule 3.08 of the Texas Disciplinary Rule of Professional Conduct, which "prohibits the lawyer from acting as both an advocate and a witness in an adjudicatory proceeding." *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (per curiam).

Forcing Keenan to present evidence about the ballots through her attorney's testimony would be more than inappropriate. To be sure, "the practice of attorneys furnishing from their own lips and on their own oaths the controlling testimony for their client is one not to be condoned by judicial silence . . . . nothing short of actual corruption can more surely discredit the profession." *Aghili v. Banks*, 63 S.W.3d 812, 818 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). In fact, this Court recently noted that "[c]ompelling an attorney of record involved in the litigation of the case to testify concerning the suit's subject matter generally implicates work product concerns' and 'is inappropriate under most circumstances.'" *In re Baytown Nissan, Inc.*, 451 S.W.3d 140, 149 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding).

While the trial court's January 15, 2015 order stands, however, Keenan has no other means to put on this evidence on at trial.

Based upon the foregoing, the trial court clearly abused its discretion by failing to permit Keenan to copy the subject ballots and otherwise disclose their contents at trial in order to prove that the 75% minimum approvals was not obtained as required under Section 204.005 of the Texas Property Code. *See* TEX. PROP. CODE § 204.005(b)(1) (stating "[a] petition to . . . modify existing restrictions approved and circulated by a property owners' association is effective if . . . the petition is approved by the owners. . . of at least 75 percent of the real property in the subdivision"). Accordingly, this Court should grant Keenan's motion, withdraw the panel's prior memorandum opinion, and issue an opinion compelling the trial court to permit Keenan to copy the ballots and then disclose them for purposes of discovery, trial preparation, and trial.

**ISSUE 2:** **Keenan does not have an adequate remedy on appeal: (1) because without being able to discover and offer into evidence the subject ballots during trial, Keenan cannot present such ballots for appellate review after a trial; and (2) because Keenan and the court system will waste time and money by forcing the parties to try a case—that will eventually be retried upon reversal— without such key evidence being presented.**

The Texas Supreme Court has noted that "a denial of discovery going to the heart of a party's case may render the appellate remedy inadequate." *Walker v.*

*Packer*, 827 S.W.2d 833, 843 (Tex. 1990). The Court further explained how this is so, noting that "the remedy by appeal may be inadequate where the trial court disallows discovery and the missing discovery cannot be made part of the appellate record." *Id.*

For example, *In re Ching*, the court noted that without allowing even an *in camera* inspection of the subject records, which were claimed to be privileged, it could not "make a definitive ruling upon this question" of privilege and relevance. 32 S.W.3d 306, 312-13 (Tex. App.—Amarillo 2000, orig. proceeding). As such, the court of appeals granted the petition for writ of mandamus directing the trial court to review the documents for an *in camera* inspection and if deemed irrelevant, the lower court would seal the records "for inspection by an appellate court in the event of an appeal of the underlying suit." *Id.* at 313.

Here, not only will Keenan be unable to offer the ballots into evidence at trial—while the trial court's rulings stand—there will simply be no evidence of the ballots or their contents for this Court to review in the event of an appeal. Stated another way, since the validity of the Amendment is a question of law and will depend on whether the required 75% of votes was obtained, this Court will not be able review de novo this fundamental legal question in an appeal. *He v. Jiang*, No. 01-06-00255-CV, 2007 Tex. App. LEXIS 6281, at *7 (Tex. App.—Houston [1st

Dist.] Aug. 9, 2007, no pet.) (stating "[w]hether a particular agreement constitutes a valid contract is generally question of law").

Furthermore, since whether the Amendment is valid is question of law, if the case proceeds to trial without evidence to determine that question, the case will likely be reversed for want of such evidence. Such a result would cost the "litigants and the public 'the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *In re Allstate County Mut. Ins. Co.*, 447 S.W.3d 497, 499 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding). For this additional reason, there is no adequate remedy by appeal.

Based upon the foregoing, this Court should grant Keenan's motion, withdraw the panel's prior opinion, and issue an opinion compelling the trial court to permit Keenan to copy the ballots and then disclose them for purposes of discovery, trial preparation, and trial.

## **PRAYER**

Petitioner Carolyn Frost Keenan respectfully requests that this Court grant this motion, withdraw the panel's prior opinion, and issue an opinion compelling the trial court to permit Keenan to copy the ballots and then disclose them for purposes of discovery, trial preparation, and trial, and that Carolyn Frost Keenan receive all other relief to which she may be justly entitled.

Respectfully submitted,

**HOOVER SLOVACEK LLP**

By: /s/ Dylan B Russell

**Dylan B. Russell**
State Bar No. 24041839
**Paul A. Pilibosian**
State Bar No. 24007846
HOOVER SLOVACEK LLP
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: (713) 977-8686
Facsimile: (713) 977-5395
pilibosian@hooverslovacek.com

**COUNSEL FOR RELATOR,
CAROLYN FROST KEENAN**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 27th day of July, 2015, a true and correct copy of the foregoing Motion for Rehearing and Rehearing *En Banc*, was served via certified mail, return receipt requested, as follows:

Linda Glover
Jason R. Bernhardt
WINSTEAD P.C.
1100 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002

*/s/ Dylan B. Russell*
Dylan B. Russell

## CERTIFICATE OF COMPLIANCE WITH RULE 9

I certify that this document has 3,079 non-exempt words per Word Perfect.

*/s/ Dylan B. Russell*
Dylan B. Russell